**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH<br>Plaintiff,<br><br>v.<br><br>Salah & Pecci Leasing Company, Inc. SALAH & PECCI a/k/a JOHN DOE CORP.<br>Defendant. | ) | C.A. No.<br><br>CA 06 369 ML |

# NOTICE OF REMOVAL

Defendant Salah & Pecci Leasing Co., Inc. ("Salah & Pecci") files this Notice of Removal pursuant to 28 U.S.C. §1446.

1. On or about June 7, 2006, plaintiff William A. Rushworth, Sr. initiated this action in Providence County Superior Court ("Superior Court"). Plaintiff, individually and in his capacity as Administrator of the Estate of Todd Brian Rushworth, asserts claims for wrongful death and emotional distress against Salah & Pecci, seeking compensatory and punitive damages. A copy of plaintiff's Superior Court complaint is appended hereto as Exhibit A.

2. The Superior Court complaint and summons are were served on the registered agent for Salah & Pecci in Canton, Massachusetts on July 17, 2006.

3. Plaintiff and Salah & Pecci have agreed that Salah & Pecci may have until and including August 23, 2006 to respond to plaintiff's Complaint.

4. Salah & Pecci has filed no pleadings in Superior Court.

5. The Complaint alleges that plaintiff is a Rhode Island resident.

6. Although not specifically alleged in the Complaint, Salah & Pecci is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Canton, Massachusetts.

7. On information and belief, plaintiff seeks compensatory and punitive damages in excess of seventy-five thousand dollars ($75,000).

8. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000) and the parties are citizens of different states.

9. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b), specifically, it is hereby filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable…."

10. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

11. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Providence County, Rhode Island, Superior Court.

12. Salah & Pecci reserves all defenses, including, but not limited to, lack of personal jurisdiction.

WHEREFORE, defendant Salah & Pecci pray that this action stand removed from the Providence County Superior Court of Rhode Island to this Court.

Respectfully submitted,

Michael J. Daly

Brooks R. Magratten, Esq., #3583
Michael J. Daly, Esq., #6729

VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: August 15, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15 day of August 2006 I had mailed by U.S. Mail, first class, postage prepaid, a true copy of the within Notice of Removal to:

Carol A. Zangari, Esq.
Attorney for Plaintiff
The Wilcox Building
42 Weybosset, St., Suite 402
Providence, RI 02903

[signature]