STATE OF RHODE ISLAND
Providence, Sc.

SUPERIOR COURT

WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH

VS.

Salah & Pecci Leasing Company, Inc.; SALAH & PECCI a/k/a JOHN DOE CORP.

C.A. NO.: PC06-3054

***PLAINTIFF'S COMPLAINT***

**COUNT I**

1. The Plaintiff, William A. Rushworth, Sr., is a resident of the Town of Johnston, County of Providence, State of Rhode Island.

2. The said Plaintiff, William A. Rushworth, Sr., is the duly appointed Administrator of the Estate of his late son, Todd Brian Rushworth, whose date of death is July 15, 2003, and in said capacity is the lawful representative of the heirs-at-law of the said late Todd Brian Rushworth.

3. The Plaintiff, William A. Rushworth, Sr., brings this action individually and in his capacity as said Administrator/representative of the said heirs-at-law.

4. On July 14, 2003, the aforesaid Decedent, Todd Brian Rushworth, was a resident of the Town of Gloucester, State of Rhode Island and was an employee of a Rhode Island business entity, to wit: Metals Recycling, LLC.

5. On or about July 14, 2003, while in the course of his employment, the afore-referenced Decedent, Todd Brian Rushworth, was operating a crane, to wit: a Manitowoc M-250, at the Port of Providence, so-called, a location in the City of Providence, County of Providence, State of Rhode Island.

6. The crane being operated on said date and at said place was in a defective condition and/or condition unfit for its intended use.

7. At said time, the Defendant, was a business entity which leased and/or provided to businesses heavy equipment, more specifically, cranes and the crane which was

being operated by the afore-referenced Decedent on said date had been leased by the Defendant to his employer.

8. Further, at all material times hereto, the Defendant engaged in advertising, reconfiguring, monitoring, supervising, advising and/or inspecting the crane referenced herein while it was placed and in use in the State of Rhode Island.

9. The Defendant had the duty to all ultimate users of said equipment to reasonably and properly ascertain that the equipment, the crane herein, was reasonably safe, reasonably free of hazards, was in compliance with all applicable codes, legal and through industry standards and was in a condition to be fit for the use for which it was intended.

10. Further, the Defendant had the duty to all ultimate users of said equipment to monitor, maintain and inspect said equipment so as to reasonably assure on-going compliance with standards and codes imposed by law, contract and/or custom and knowledge in the industry.

11. Further, the Defendant in conducting an inspection and/or inspections of said crane had a duty to perform same and/or cause them to be performed in a reasonably diligent manner so as to assure compliance with any and all applicable codes, industry standards and to provide as reasonably required warnings, restrictions and other pertinent information concerning the safety and use of said equipment.

12. The Defendant breached each of its aforesaid duties and was otherwise negligent in the circumstances of the case in that, inter alia, it failed to provide and/or lease a crane in a condition reasonably fit for its intended use and/or otherwise in compliance with applicable codes, it failed to properly monitor, supervise and/or inspect said equipment and/or upon inspection, failed to note, identify, warn and/or correct defects and/or conditions so as to allow an unreasonable risk of harm to the ultimate users thereof such as the Decedent herein.

13. On July 14, 2003, while operating the crane referenced herein and while occupying the crane cab which was elevated approximately thirty-five to fifty feet above the ground and configured in direct line with the sheave, the boom snapped while in operation causing the load to swing back directly toward and into the cab where the said operator was seated.

14. As a direct and proximate result of this incident, the said crane operator, Todd Brian Rushworth, sustained severe, objective and life-threatening injuries, pain, suffering and emotional anguish resulting in his death within hours of the incident.

15. The injuries, conscious pain and suffering and death of Todd Brian Rushworth were caused as a proximate result of the negligence and breaches of duty on the part of the Defendant.

**WHEREFORE,** the Plaintiff demands judgment against Salah & Pecci a/k/a Salah & Pecci Leasing Company, Inc., for all damages recoverable for the wrongful death of Todd Brian Rushworth pursuant to R.I.G.L. 10-7-2 and all further damages recoverable to the Plaintiff, individually and in his capacity as Administrator/representative of the heirs-at-law of Todd Brian Rushworth, in a sum sufficient to confer jurisdiction in this Court.

Plaintiff,
William A. Rushworth, Sr., Individually and in his capacity as Administrator of the Estate of Todd Brian Rushworth
By his Attorney,

*LAW OFFICES OF CAROL A. ZANGARI*

Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
(401) 831-1999
(401) 454-8309 (Fax)
Dated: June 7, 2006

**COUNT II**

16. The Plaintiff hereby repeats, reasserts, realleges and incorporates by reference all allegations set forth in paragraphs 1 through 15 inclusive of Count I.

17. At the time of the incident referenced above, the Plaintiff, William A. Rushworth, Sr., was present and personally observed his son while suffering severe and life-threatening injuries while trapped in the elevated cab of the crane.

18. William A. Rushworth, Sr., was caused to endure this experience and its aftermath as a direct and proximate result of negligence on the part of the Defendant.

19. As a result of this personal observation, the Plaintiff, William A. Rushworth, Sr., suffered and will continue to suffer emotional distress and was otherwise injured and damnified.

**WHEREFORE**, the Plaintiff, William A. Rushworth, Sr., demands judgment against the Defendant for compensatory damages in a sum sufficient to confer jurisdiction in this Court.

Plaintiff,
William A. Rushworth, Sr., Individually and in his capacity as Administrator of the Estate of Todd Brian Rushworth
By his Attorney,

*LAW OFFICES OF CAROL A. ZANGARI*

Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
(401) 831-1999
(401) 454-8309 (Fax)
Dated: June 7, 2006

**COUNT III**

20. The Plaintiff, William A. Rushworth, Sr., Individually and in his representative capacity hereby repeats, reasserts, realleges and incorporates by reference all allegations set forth in paragraphs 1 through 15 inclusive of Count I and paragraphs 16 through 19 inclusive of Count II.

21. At all material times hereto, the Defendant knew or should have known that the equipment it was leasing and/or providing, such as the crane referenced herein, was a product which involves a high risk of hazard and/or death to the ultimate user thereof.

22. As such, the negligence and breaches on the part of the Defendant in the circumstances of this case constitute reckless, willful and wanton indifference to the safety of others such as the Decedent herein and is conduct tantamount to criminality for which punitive damages are warranted.

**WHEREFORE**, the Plaintiff William A. Rushworth, Sr., Individually and in his capacity as Administrator/representative of the heirs-at-law of Todd Brian Rushworth, demands punitive damages, along with all other damages provided in applicable law.

***TRIAL BY JURY***

The Plaintiff hereby demands a Trial by Jury and hereby designates Carol A. Zangari as Trial Counsel.

Plaintiff,
William A. Rushworth, Sr., Individually and in his capacity as Administrator of the Estate of Todd Brian Rushworth
By his Attorney,

*LAW OFFICES OF CAROL A. ZANGARI*

Carol A. Zangari (#2130)
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903
(401) 831-1999
(401) 454-8309 (Fax)
Dated: June 7, 2006