**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of TODD<br>BRIAN RUSHWORTH,<br><br>Plaintiff,<br><br>v.<br><br>Salah & Pecci Leasing Company, Inc.,<br>SALAH & PECCI a/k/a<br>JOHN DOE CORP.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-369T<br><br>**JURY DEMAND** |

**ANSWER AND JURY DEMAND OF DEFENDANT SALAH & PECCI LEASING COMPANY, INC.**

Defendant Salah & Pecci Leasing Company, Inc. ("SPL"), responds to the numbered paragraphs of the Complaint of Plaintiff William Rushworth, Sr., individually and in his capacity as administrator of the estate of Todd Brian Rushworth, as follows:

**RESPONSE TO COUNT I**

1. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies those allegations.

2. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies those allegations.

3. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies those allegations.

4. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies those allegations.

5. SPL admits that commencing in or about December 2000, it rented a Manitowoc M-250, S-II crane with 160-foot boom and with high cab (the “Crane”) to Metals Recycling, LLC (“Metals”), and that, on information and belief, Todd Brian Rushworth (the “Decedent”) operated the Crane on or about July 14, 2003. SPL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore denies those allegations.

6. SPL is without knowledge or information sufficient to form a belief as to the condition of the Crane on July 14, 2003. Further answering, SPL denies that the Crane was in a defective condition and/or unfit for its intended use when SPL rented the Crane to Metals.

7. SPL admits that it is a corporation organized and existing under the laws of The Commonwealth of Massachusetts and that at all times relevant to this action SPL engaged in the business of renting crawler cranes and related equipment to businesses to be operated by personnel of lessees. SPL admits that it rented the Crane to Metals and that, on information and belief, the Decedent operated the Crane on or about July 14, 2003.

8. Denied.

9. SPL states that no response is required to the allegations contained in Paragraph 9 insofar as they call for legal conclusions. To the extent a response may be required, SPL denies the allegations contained in Paragraph 9.

10. SPL states that no response is required to the allegations contained in Paragraph 10 insofar as they call for legal conclusions. To the extent a response may be required, SPL denies the allegations contained in Paragraph 10.

11. SPL states that no response is required to the allegations contained in Paragraph 11 insofar as they call for legal conclusions. To the extent a response may be required, SPL denies the allegations contained in Paragraph 11.

12. SPL states that no response is required to the allegations contained in Paragraph 12 insofar as they call for legal conclusions. To the extent a response may be required, SPL denies the allegations contained in Paragraph 12.

13. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies those allegations.

14. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies those allegations.

15. SPL states that no response is required to the allegations contained in Paragraph 15 insofar as they call for legal conclusions. To the extent a response may be required, SPL denies the allegations contained in Paragraph 15.

**WHEREFORE,** Defendant Salah & Pecci Leasing Company, Inc., requests that this Court dismiss the Complaint with prejudice, award to it its costs of suit, and grant it such other and further relief as this Court deems just and proper.

## RESPONSE TO COUNT II

16. SPL hereby incorporates by reference its responses to Paragraphs 1 through 15.

17. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies those allegations.

18. SPL states that no response is required to the allegations contained in Paragraph 18 insofar as they call for legal conclusions. To the extent a response may be required, SPL denies the allegations contained in Paragraph 18.

19. SPL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies those allegations.

**WHEREFORE,** Defendant Salah & Pecci Leasing Company, Inc., requests that this Court dismiss the Complaint with prejudice, award to it its costs of suit, and grant it such other and further relief as this Court deems just and proper.

## RESPONSE TO COUNT III

20. SPL hereby incorporates by reference its responses to Paragraphs 1 through 19.

21. Denied.

22. Denied.

**WHEREFORE,** Defendant Salah & Pecci Leasing Company, Inc., requests that this Court dismiss the Complaint with prejudice, award SPL its costs of suit, and grant it such other and further relief as this Court deems just and proper.

## FIRST DEFENSE

Each and every one of the counts of the Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**THIRD DEFENSE**

The Decedent's injuries and/or damages were wholly or predominantly caused by the Decedent's own negligence and, therefore, Plaintiff is barred from any recovery in this action.

**FOURTH DEFENSE**

The Decedent's injuries and/or damages were caused, in part, by the Decedent's own negligence and, therefore, any recovery by Plaintiff must be diminished to the extent of such negligence.

**FIFTH DEFENSE**

To the extent SPL is found liable to Plaintiff in his individual capacity, Plaintiff is liable to SPL in his capacity as administrator of the estate of Todd Brian Rushworth for contribution, indemnification, or the payment of the Decedent's equitable share of such liability on account of the Decedent's negligence.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any injuries or damages sustained or incurred by Plaintiff and/or Decedent were caused, in whole or in part, by acts or omissions of others for whose conduct SPL is not responsible.

**SEVENTH DEFENSE**

The Decedent proceeded with full knowledge of, and assumption of, any and all risks and, therefore, Plaintiff is barred from recovery.

**EIGHTH DEFENSE**

The injuries and/or damages of Plaintiff or Decedent were the result of an intervening cause or causes and, as such, any acts or omissions on the part of SPL, as alleged in the Complaint, were not the proximate and/or producing cause of the injuries and/or damages of Plaintiff or Decedent.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

**TENTH DEFENSE**

Plaintiff has failed to provide SPL with adequate or timely notice of his claims.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or Decedent failed to mitigate any injuries or damages he may have sustained.

**TWELFTH DEFENSE**

Plaintiff and/or the Decedent did not exercise due care at the time of their respective alleged injuries.

**THIRTEENTH DEFENSE**

The Court lacks personal jurisdiction over SPL and, accordingly, the Court should dismiss the Complaint.

**FOURTEENTH DEFENSE**

No act or omission of SPL alleged by Plaintiff was malicious, willful, wanton or wicked, as might amount to criminality. Therefore, any award of punitive damages is barred.

**JURY DEMAND**

SPL hereby demands a trial by jury on all claims so triable.

Dated: August 23, 2006

Respectfully submitted,

**SALAH & PECCI LEASING CO., INC.**

By its counsel,

_/s/ Michael J. Daly_____________

Brooks R. Magratten, # 3583
Michael J. Daly, # 6729
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (fax)

Of Counsel:

Jeffrey S. Follet (*pro hac vice* motion pending)
Jessica V. Barnett (*pro hac vice* motion pending)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (fax)

CERTIFICATE OF SERVICE

To:

Carol A. Zangari, Esq.
Attorney for Plaintiff
The Wilcox Building
42 Weybosset, St., Suite 402
Providence, RI 02903

I hereby certify that I electronically filed this ANSWER on August 23, 2006. The ANSWER is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means.

__/s/ Michael J. Daly____________