UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR.,<br>Individually and in his capacity as<br>Administrator of the Estate of<br>TODD BRIAN RUSHWORTH<br>Plaintiff | : | |
| VS. | : | C.A. NO. 06-0369T |
| Salah & Pecci Leasing Company, Inc.<br>SALAH & PECCI, a/k/a<br>JOHN DOE CORP.<br>Defendant | : | |
| VS. | : | |
| METALS RECYCLING, LLC, et al<br>MANITOWOC CRANES, INC.;<br>INTERNATIONAL ONGSHOREMEN'S<br>ASSOCIATION, LOCAL #1329;<br>JOHN LOPES, in his capacity as President<br>Of Local #1329; HORACE CASTLE, in his<br>capacity as Secretary-Treasurer of<br>Local #1329; and JOHN DOES 1-5<br>Third-party defendants | : | |

**ANSWER OF THIRD-PARTY DEFENDANT, MANITOWOC CRANES, INC, TO THIRD-PARTY COMPLAINT OF DEFENDANT, SALAH & PECCI LEASING COMPANY, INC.**

1. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

2. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

3. Admitted.

4. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

5. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

6. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

7. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

## JURISDICTION AND VENUE

8. Defendant's allegations set forth a legal conclusion to which no response is required.

9. Defendant's allegations set forth a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

10. Admitted.

11. Denied.

12. Admitted.

13. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

14. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

15. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

16. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

17. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

18. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

19. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

20. This third-party defendant is without sufficient information with which to either admit or deny defendant's allegations.

21. Admitted.

22. Admitted.

23. Denied as to Manitowoc Cranes, Inc.

24. Denied as to Manitowoc Cranes, Inc.

**COUNT I**
**(Contribution and Indemnification at Common Law Against Manitowoc, Union, Lopes, Castle and Does)**

25. Third party defendant, Manitowoc, hereby incorporates its responses to paragraphs 1 through 24 of the third-party complaint as if fully set forth herein.

26. Denied as to Manitowoc Cranes, Inc.

**COUNT II THROUGH COUNT IV**

27-34 Counts II through IV does not set forth claims for relief against Manitowoc and therefore no response is required.

WHEREFORE, Third-party defendant, Manitowoc Cranes, Inc., demands judgment in its favor plus costs.

**JURY DEMAND**

Third party defendant, Manitowoc Cranes, Inc., hereby demands a trial by jury.

**DESIGNATION OF TRIAL COUNSEL**

John F. Kelleher is hereby designated as trial counsel.

Third-party Defendant,
MANITOWOC CRANES, INC.
By its attorneys,
HIGGINS, CAVANAGH & COONEY, LLP
/s/ John F. Kelleher
John F. Kelleher, Esquire, #3854
123 Dyer Street
Providence, RI 02903
(401) 272-3500
jkelleher@hcc-law.com

**CERTIFICATION**

I, John F. Kelleher, hereby certify that the within document was electronically filed on October 24, 2006. I further certify that a true copy of the within was sent by electronic means (ECF) to Brooks Magratten, Esq. at bmagratten@vetterandwhite.com as well as by first class mail to his address of record, VETTER & WHITE, INC., 20 Washington Place, Providence, RI, 02903; by first class mail to Jeffrey S. Follet and Jessica V. Barnett of FOLEY HOAG LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, MA, 02210, and by electronic means (ECF) to Carol A. Zangari, Esquire at caz@zangarilaw.com as well as by first class mail to her address of record, 42 Weybosset Street, Suite 402, Providence, RI, 02903 on this 27th day of October, 2006.

/s/ John F. Kelleher