UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM A. RUSHWORTH, SR.,
Individually and in his capacity as
Administrator of the Estate of
TODD BRIAN RUSHWORTH
*Plaintiff*

C. A. NO. 06-369T

VS.

Salah & Pecci Leasing Company, Inc.,
SALAH & PECCI a/k/a
JOHN DOE CORP.
*Defendant and Third-Party Plaintiff*

VS.

METALS RECYCLING, LLC; MANTOWOC CRANES, INC., INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329, JOHN LOPES, in his capacity as President of Local #1329, HORACE CASTLE, In his capacity as Secretary-Treasurer of Local #1329, and JOHN DOES 1-5,
*Third-Party Defendants*

**ANSWER OF THIRD PARTY DEFENDANT, METALS RECYCLING, LLC TO THE THIRD-PARTY COMPLAINT OF SALA & PECCI LEASING COMPANY, INC.**

1. Third-party defendant has insufficient information to admit or deny the allegations in this paragraph, and leaves the plaintiff to its proof thereof.

2. Admitted.

3-7. The allegations in this paragraph are not directed towards this defendant and, therefore, no response is required.

8. Neither admitted nor denied.

9. Neither admitted nor denied.

10. Third-party defendant has insufficient information to admit or deny the allegations of this paragraph and leaves the third-party plaintiff to its proof thereof.

11. Third-party defendant has insufficient information to admit or deny the allegations of this paragraph and leaves the third-party plaintiff to its proof thereof.

12. Third-party defendant has insufficient information to admit or deny the allegations of this paragraph and leaves the third-party plaintiff to its proof thereof.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied

18. Third party defendant admits that at the time and place asserted Todd Brian Rushworth was an employee of third-party defendants, and further, was injured as the result of an accident occurring on that date. Third-party defendant has insufficient information to admit or deny the remaining allegations of this paragraph and, therefore, leaves the third-party plaintiff to its proof thereof.

19. Denied.

20. Denied.

21. Admitted.

22. Admitted.

23. Third-party defendant denies any liability to third-party plaintiff.

24. Third-party defendant denies any liability to third-party plaintiff.

**COUNT I**

25. Third-party defendant hereby incorporates its responses to Paragraphs 1 through 24 of the third-party complaint as if fully set forth herein.

26. The allegations in these paragraphs are not directed towards this defendant and, therefore, no response is required. To the extent that the allegations are directed towards this defendant, they are denied.

**COUNT II**

27. Third-party defendant hereby incorporates its responses to Paragraphs 1 through 24 of the third-party complaint as if fully set forth herein.

28. Denied.

29. Denied.

Third-party defendant has insufficient information to admit or deny the allegations of this paragraph and leaves the third-party plaintiff to its proof thereof.

**COUNT III**

30. Third-party defendant hereby incorporates its responses to Paragraphs 1 through 29 of the Third-Party Complaint as if fully set forth herein.

31. Denied.

32. Denied.

**COUNT IV**

33. Third-party defendant hereby incorporates its responses to Paragraphs 1 through 34 of the Third-Party Complaint as if fully set forth herein.

34. With respect to the allegations directed towards this third-party defendant, the allegations are denied.

**SECOND DEFENSE**

Third-party Complaint fails to state a cause of action upon which relief may be granted against this third-party defendant as at all times material hereto, its decedent, Todd Rushworth, was an employee of Metals Recycling. As such, any liability of third-party defendant is

exclusively under the provisions of the Rhode Island Workers' Compensation Act.

Defendant, By Its Attorneys,
McKenney, Quigley, Izzo & Clarkin, LLP

Robert J. Quigley, Jr. #2483
95 Chestnut Street
Providence, RI 02903
(401) 490-2650

***DEFENDANT HEREBY REQUESTS A TRIAL BY JURY***

CERTIFICATION

I hereby certify that the above-captioned Entry of Appearance was forwarded, via first-class mail, to **Brooks R. Magratten, Esquire, Vetter & White, Inc., 20 Washington Place, Providence, RI 02903**, **Jeffrey S. Follet, Esquire and Jessica V. Barnett, Esquire, Foley Hoag LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, MA 02210,** and to **Carol A. Zangari, Esquire, 42 Weybosset Street, Suite 402, Providence, RI, 02903,** on this 1 day of November, 2006: