**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-369/T |
| Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP. | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| v. | ) | |
| METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329; JOHN LOPES, in his capacity as President of Local #1329; HORACE CASTLE, in his capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5, | ) | |
| Third-Party Defendants. | ) | |

**DEFENDANT AND THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S ASSENTED TO[1] MOTION TO CONSOLIDATE**

Pursuant to Fed. R. Civ. P. 42(a), Defendant and Third-Party Plaintiff Salah & Pecci Leasing Company, Inc. ("SPL"), hereby requests that this Court consolidate the above-captioned matter with C.A. No. 06-364T, which is currently pending in the United States District Court for

[1] Counsel for plaintiffs, Metals Recycling and Manitowoc Cranes have expressly assented to consolidation. SPL has not yet been able to locate and serve process on third party defendants John Lopes and Horace Castle. Therefore, neither Lopes, nor Castle, nor the International Longshoremen's Association, Local #1329 have assented to this motion.

the District of Rhode Island. Civil Action No. 06-369T and C.A. No. 06-364T involve the same parties, events and underlying facts, and they present common questions of law. For these reasons, and for the reasons set forth more fully in Defendant and Third-Party Plaintiff Salah & Pecci Leasing Company, Inc.'s Memorandum of Law in Support of its Motion to Consolidate, attached hereto, SPL request that this Court grant its Motion to Consolidate C.A. No. 06-369T and C.A. No. 06-364T.

SPL does not request oral argument or evidentiary hearing on this motion.

Dated: November 22, 2006

Respectfully submitted,

**SALAH & PECCI LEASING CO., INC.**

By its counsel,

/s/ Michael J. Daly

Brooks R. Magratten, # 3583
Michael J. Daly, # 6729
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
mdaly@vetterandwhite.com
(401) 421-3060
(401) 272-6803 (fax)

Jeffrey S. Follett (admitted *pro hac vice*)
Jessica V. Barnett (admitted *pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (fax)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-369/T |
| Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP. | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| v. | ) | |
| METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329; JOHN LOPES, in his capacity as President of Local #1329; HORACE CASTLE, in his capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5, | ) | |
| Third-Party Defendants. | ) | |

**DEFENDANT AND THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S MEMORANDUM IN SUPPORT OF ITS ASSENTED TO MOTION TO CONSOLIDATE**

Defendant and Third-Party Plaintiff Salah & Pecci Leasing Company, Inc. ("SPL"), respectfully submits this memorandum of law in support of its Motion to Consolidate, filed herewith. SPL moves to consolidate the above-captioned matter with C.A. No. 06-364T, which

is currently pending in the United States District Court for the District of Rhode Island. Civil Action No. 06-369T and C.A. No. 06-364T have common parties and present common issues of law and fact. Therefore, pursuant to Fed. R. Civ. P. 42(a), this Court should grant SPL's motion to consolidate.

## I. FACTS

On or about December 7, 2000, SPL and Third Party Defendant Metals Recycling, L.L.C. ("Metals") entered into an agreement whereby SPL rented to Metals a Manitowoc M-250, S-II crawler crane (the "Crane"). On or about July 14, 2003, Todd Brian Rushworth (the "Decedent"), while acting as an employee or agent of Metals, operated the Crane in an allegedly negligent and unsafe manner, causing severe injuries to himself, destroying the crane, and leading to his death within hours of the accident (the "Accident"). At the time of the Accident, Plaintiff William A. Rushworth, Sr., the Decedent's father, an employee of Metals Recycling, L.L.C. allegedly was present and personally observed his son suffering while trapped in the cab of the crane. On or about June 7, 2006, Plaintiff William Rushworth, Sr., individually and in his capacity as administrator of the estate of the Decedent, filed this action against SPL, claiming that SPL is liable to Plaintiff for compensatory and punitive damages in connection with the death of the Decedent.

The plaintiff brought suit in the Superior Court of Rhode Island (CA No. PC06-3054) against SPL, which leased the crane to Metals, the Decedent's employer. The plaintiff alleged that SPL was negligent in providing and/or leasing a crane that was not reasonably safe, not reasonably free of hazards, and not in compliance with applicable codes and standards. There were also claims for negligent infliction of emotional distress and punitive damages.

The plaintiff brought a second suit in Superior Court (CA No. PC06-3724) against the Defendant Manitowoc Cranes, Inc. ("Manitowoc"), the manufacturer of the Crane. The plaintiff alleged that Manitowoc was negligent in the manufacture of the crane, including for failure to warn of risks associated with use of the Crane and for defective design of the Crane. The plaintifff also included a claim for negligent infliction of emotional distress and punitive damages.

The above actions were subsequently removed to the United States District Court for the District of Rhode Island where they are currently pending. (Manitowoc: CA. No. 06-364T and Salah & Pecci: C.A. No. 06-369T). Subsequent to removal, SPL filed a Third-Party Complaint in CA. No. 06-369T against Third-Party Defendants Metals Recycling, L.L.C., Manitowoc Cranes, Inc., International Longshoremen's Association Local #1329, John Lopes, in his capacity as President of Local #1329, Horace Castle, in his capacity as Secretary-Treasurer of Local #1329 and John Does 1-5. The Third-Party complaint seeks contribution and indemnification at common law, contractual indemnification, and alleges breach of contract and negligence.

## II. ANALYSIS

Under the Federal Rules of Civil Procedure, "when actions involving common questions of law or fact are pending before the court, . . . it may order all the actions consolidated" so as "to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "In determining whether to order consolidation, court must first ask whether two proceedings involve a common party and common issues of fact or law." Willard v. Town of Lunenburg, 202 F.R.D. 57, 59 (D. Mass. 2001); see also Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989) ("The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."). "Once that determination has been made, the court

has 'broad discretion in weighing costs and benefits of consolidation to decide whether that procedure is appropriate.'" Willard, 202 F.R.D. at 59 (quoting Seguro de Servicio de Salud De Puerto Rico, 878 F.2d at 8). "If threshold questions are resolved in favor of consolidation, it will usually be allowed unless opposing party can demonstrate prejudice." Id. (citing Seguro de Servicio de Salud De Puerto Rico, 878 F.2d at 8); see also Storlazzi v. Bakey, No. 95-1596, 1995 U.S. App. LEXIS 30146 (1st Cir. Oct. 24, 1995).

The current pending cases, C.A. No. 06-364T and C.A. No. 06-369T involve common questions of law and fact pursuant to the plain language of Fed. R. Civ. P. 42(a). In each of the pending actions, the alleged facts of the incident and relevant parties are the same. Manitowoc allegedly manufactured the crane involved in the incident, which was leased by SPL to Metals, the Decedent's and the plaintiff's employer. The plaintiff is the same in both actions, and Manitowoc is a defendant in C.A. No. 06-364T and a third-party defendant in C.A. 06-369T. Each action contains allegations of negligence and claims for negligent infliction of emotional distress arising from the Accident. Consolidation of the pending actions would avoid unnecessary repetition of factual discovery by the parties and consideration of identical legal issues by the Court. In the interest of judicial economy, the above actions should be consolidated for purposes of trial. See Fed. R. Civ. P. 42(a); Switzenbaum v. Orbital Sciences Corp., 187 F.R.D. 246 (E.D. Va. 1999) (judicial economy generally favors consolidation); Morrison v. Amway Corp., 186 F.R.D. 401 (S.D. Tex. 1998) (Fed. R. Civ. P. 42(a) "should be used to expedite trial and eliminate unnecessary repetition and confusion. . . . Actions involving same parties are likely candidates for consolidation, but acommon question of law or fact is sufficient.").

## III. CONCLUSION

For the above reasons, Defendant and Third-Party Plaintiff Salah & Pecci Leasing Company, Inc. respectfully requests that the Court grant its Motion to Consolidate C.A. No. 06-369T and C.A. No. 06-364T.

Dated: November 22, 2006

Respectfully submitted,

**SALAH & PECCI LEASING CO., INC.**

By its counsel,

/s/ Michael J. Daly
Brooks R. Magratten, # 3583
Michael J. Daly, # 6729
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
mdaly@vetterandwhite.com
(401) 421-3060
(401) 272-6803 (fax)

Jeffrey S. Follett (admitted *pro hac vice*)
Jessica V. Barnett (admitted *pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the enclosed Assented To Motion to Consolidate and supporting memorandum were electronically filed on November 22, 2006, and are available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means:

Carol Zangari (for Plaintiff)
John Kelleher (for Manitowoc Cranes, Inc.)
Mark Dolan (for Metals Recycling, LLC)
Robert Quigley (for Metals Recycling, LLC)

/s/ Michael J. Daly