UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM A. RUSHWORTH, SR.,
Individually and in his capacity as
Administrator of the Estate of TODD
BRIAN RUSHWORTH

VS.

SALAH & PECCI LEASING COMPANY, INC.,
SALAH & PECCI a/k/a JOHN DOE CORP. C.A. NO.: 06-369 T

VS.

METALS RECYCLING, L.L.C., MANITOWOC
CRANES, INC., INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, LOCAL #1329, JOHN LOPES, In His
Capacity as President of Local #1329, HORACE CASTLE,
In His Capacity as Secretary-Treasurer of Local #1329 and
JOHN DOES 1- 5

**ANSWER OF HORACE CASTLE, IN HIS CAPACITY AS SECRETARY-TREASURER OF LOCAL #1329 TO THIRD-PARTY COMPLAINT OF SALAH & PECCI LEASING COMPANY, INC.**

PARTIES

1. The third-party defendant, Horace Castle, in his capacity as Secretary-Treasurer of Local #1329 of the International Longshoremen's Association, does not have sufficient facts to admit or deny the allegations contained in paragraphs 1 through 3 and 7 of the Third-Party Complaint and leaves the third-party plaintiff to its proof of same.

2. The third-party defendant admits the allegations contained in paragraphs 4 through 6 of the Third-Party Complaint.

JURISDICTION AND VENUE

3. The third-party defendant does not have sufficient facts to admit or deny the allegations contained in paragraphs 8 and 9 of the Third-Party Complaint and leave the third-party plaintiff to its proof of same.

FACTUAL BACKGROUND

4. The third-party defendant does not have sufficient facts to admit or deny the allegations contained in paragraphs 10 through 18 of the Third-Party Complaint and leaves the third-party plaintiff to its proof of same.

5. The third-party defendant denies all allegations pertaining to it contained in paragraphs 19, 20, 23 and 24 of the Third-Party Complaint and does not have sufficient facts to admit or deny the remaining allegations contained in those paragraphs and all allegations contained in paragraphs 21 and 22 of the Third-Party Complaint and leaves the third-party plaintiff to its proof of same.

COUNT I

(Contribution and Indemnification at Common Law Against Manitowoc, Union, Lopes, Castle and Does)

6. The third-party defendant repeats herein and reaffirms its answer to paragraphs 1 through 24 of the Third-Party Complaint as said third-party defendant's answer to paragraph 25 of the Third-Party Complaint.

7. The third-party defendant denies all allegations pertaining to it contained in paragraph 26 of the Third-Party Complaint and does not have sufficient facts to admit or deny the remaining allegations contained therein and leaves the third-party plaintiff to its proof of same.

COUNT II

(Contractual Indemnification Against Metals)

8. The allegations contained in Count II are addressed to another defendant and, as such, they are neither admitted nor denied and the third-party plaintiff is left to its proof of same.

COUNT III

(Breach of Contract Against Metals)

9. The allegations contained in Count III are addressed to another defendant and, as such, they are neither admitted nor denied and the third-party plaintiff is left to its proof of same.

COUNT IV

(Negligence Against Metals, Union, Lopes, Castle and Does)

10. The third-party defendant repeats herein and reaffirms its answer to paragraphs 1 through 24 of the Third-Party Complaint as said third-party defendant's answer to paragraph 33 of Count IV of the Third-Party Complaint.

11. The third-party defendant denies all allegations pertaining to it contained in paragraph 34 of the Third-Party Complaint and does not have sufficient facts to admit or deny the remaining allegations contained therein and leaves the third-party plaintiff to its proof of same.

FIRST AFFIRMATIVE DEFENSE

12. The plaintiff's decedent assumed the risk of his injuries.

SECOND AFFIRMATIVE DEFENSE

13. The third-party defendant is insulated from liability by virtue of the workers' compensation law in the State of Rhode Island.

THIRD AFFIRMATIVE DEFENSE

14. The third-party plaintiff fails to state a claim upon which relief can be granted.

FOURTH AFFIRMATIVE DEFENSE

15. The third-party defendant is an improper party and, as such, the complaint against him in his official capacity as Secretary-Treasurer of Local #1329 should be dismissed.

WHEREFORE, the third-party defendant, Horace Castle, in his capacity as Secretary-Treasurer of Local #1329 of the International Longshoremen's Association, demands judgment against the third-party plaintiff, plus costs.

HORACE CASTLE,
In His Capacity as Secretary-Treasurer of
Local #1329,
BY HIS ATTORNEY,

/s/ John R. Mahoney, Esq.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

THE THIRD-PARTY DEFENDANT REQUESTS A TRIAL BY JURY.

/s/ John R. Mahoney, Esq.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax

CERTIFICATION

I hereby certify that on the 23rd day of January, 2007 the within was electronically filed.

/s/ John R. Mahoney, Esq.
JOHN R. MAHONEY, ESQ. - #1940
ASQUITH & MAHONEY, LLP
155 SOUTH MAIN STREET, 2nd FLOOR
PROVIDENCE, RI 02903
(401) 331-5353 – Telephone
(401) 331-7373 – Fax