*MPD:fm/motions/06-332*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-0364 T

MANITOWOC ENGINEERING CO.,
THE MANITOWOC COMPANY, INC.

---

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S MOTION TO DEFAULT**

Now comes the third-party defendant Metals Recycling, LLC and hereby moves to default the plaintiff William Rushworth, Sr. for his failure to comply with the Court's Text Order dated June 6, 2007. In support of its Motion, third-party defendant submits the attached memorandum.

/s/ Mark P. Dolan

Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
*Metals Recycling, LLC*
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800 Phone
(401) 421-7218 Fax

CERTIFICATION

TO: Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, 6th Floor, Providence, RI 02903
Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110
John Kelleher, Esq., Higgins Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903
Jeffrey Follett, Esq., Foley Hoag, 155 Seaport Blvd., Boston, MA 02210-2600
John Mahoney, Esq., 155 South Main Street, Providence, RI 02903

DATED: July 11, 2007 /s/ Mark P. Dolan_________________

MPD:fm 06-332

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-0364 T

MANITOWOC ENGINEERING CO.,
THE MANITOWOC COMPANY, INC.

---

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**MEMORANDUM IN SUPPORT OF THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S MOTION TO DEFAULT**

The third-party defendant Metals Recycling, LLC has now moved to default the plaintiff William Rushworth, Sr. for plaintiff's failure to comply with a prior Court Text Order entered on June 6, 2007, granting this third-party defendant's motion to compel answers to two sets of interrogatories and a response to a request for production of documents propounded on or about December 18, 2006 (Discovery requests are attached hereto as Exhibit A). Plaintiff has failed to provide responses to these discovery requests for over six (6) months now. Without this information, third-party defendant cannot properly evaluate and defend this claim.

**I. Background of Discovery Requests Addressed to Plaintiff**

As indicated above, third-party defendant propounded two sets of interrogatories (one set addressed to plaintiff William Rushworth, Sr. individually and one set addressed

to plaintiff William Rushworth, Sr. as Administrator of the Estate of Todd Brian Rushworth) as well as a request for production of documents (addressed to plaintiff William Rushworth, Sr., as Administrator of the Estate of Todd Brian Rushworth) on or about December 18, 2006. Those requests seek basic information about the claim and damages asserted against the parties in this litigation. Pursuant to Federal Rule of Civil Procedure 33, plaintiff was required to respond to those requests by January 18, 2007 but failed to do so.

On February 7, 2007, nearly three weeks after the responses to the discovery were initially due, third-party defendant's counsel wrote plaintiff's counsel inquiring as to the status of plaintiff's responses to discovery. Third-party defendant's counsel did not get a response from plaintiff's counsel and followed up with another correspondence dated February 19, 2007. (See correspondences from Mark P. Dolan, Esq., directed to Carol A. Zangari, Esq. attached hereto as Exhibit B).

On February 26, 2007, third-party defendant's counsel received correspondence from plaintiff's counsel requesting an additional thirty (30) days by which to respond to the discovery requests. Third-party defendant's counsel agreed to the extension and confirmed the agreement via correspondence dated February 28, 2007. (See correspondences attached hereto as Exhibit C).

The thirty (30) day extension period expired on or about March 28, 2007 and plaintiff still failed to provide discovery responses. Third-party defendant's counsel wrote plaintiff's counsel again on April 11, 2007 (two weeks after the due date of the discovery responses) requesting a status of the responses. (See correspondence attached hereto as Exhibit D).

Plaintiff still failed and/or refused to provide responses and plaintiff's counsel did not respond to third-party defendant's counsel's April 11, 2007 correspondence.

**II. Motion to Compel Filed With Court**

Finally, on May 15, 2007 third-party defendant filed a motion to compel answers to interrogatories and response to request for production of documents with the Court. (See Document Number 34). Plaintiff did not object to third-party defendant's motion to compel and Judge Martin granted the motion on June 6, 2007. The Court ordered that plaintiff had twenty-one (21) days within which to respond to the discovery requests, i.e.,

by June 27, 2007. To date, plaintiff has still failed and/or refused to provide discovery responses despite the Order entered by Judge Martin.

**III. Plaintiff's Failure to Comply With This Court's Order of June 6, 2007 Requires a Default Entered Against Plaintiff**

A party's failure to comply with a Court Order pursuant to the Federal Rules of Civil Procedure allows for a dismissal of the plaintiff's action. See 37(b)(2)(c); Damiani v. Rhode Island Hospital, 704 F.2d 12 (1st Cir.1983). In Damiani, the District Court dismissed plaintiff's complaint finding that the plaintiff's failure to provide discovery as required by a prior Court Order was "intentional and not reasonably justified and constituted a willful dereliction of counsel's responsibility..." Damiani 704 F.2d at 14.

Like the plaintiff in Damiani, plaintiff has failed to provide timely discovery. That is despite the fact that the third-party defendant previously provided several extensions and the Court Order requiring the plaintiff to provide discovery requests within twenty-one (21) days of June 6, 2007.

**IV. Conclusion**

For the above reasons, the third-party defendant Metals Recycling, LLC respectively requests that its motion to default now be granted.

s/ Mark P. Dolan
Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
*Metals Recycling, LLC*
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800 Phone
(401) 421-7218 Fax

CERTIFICATION

TO: Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, 6th Floor, Providence, RI 02903

Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110
John Kelleher, Esq., Higgins Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903
Jeffrey Follett, Esq., Foley Hoag, 155 Seaport Blvd., Boston, MA 02210-2600
John Mahoney, Esq., 155 South Main Street, Providence, RI 02903

DATED: July 11, 2007 /s/ Mark P. Dolan________________