**EXHIBIT A**

MPD:fm 06-332

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S INTERROGATORIES ADDRESSED TO PLAINTIFF WILLIAM A. RUSHWORTH, SR., AS ADMINISTRATOR OF THE ESTATE OF TODD BRIAN RUSHWORTH**

Pursuant to Rule 33 of the Federal Court Rules of Civil Procedure, Third-party defendant Metals Recycling, LLC hereby propounds to the Plaintiff the following Interrogatories and direct that they be answered by the Plaintiff, under oath and in writing, within forty (40) days of service hereof:

1. State your full name, present address, occupation, date of birth, present marital status, social security number, and the capacity in which you are answering these interrogatories.

2. If you have ever used or been known by any other names, please state each name that you have used or by which you have been known.

3. Have you ever filed a lawsuit or made a claim because of any injury or damages which you sustained. Please list any such lawsuits of claims, giving a brief account of the circumstances thereof, the date of occurrence, the place of occurrence, the name and address of each party and its insurer against whom claim was made or suit was brought and the amount of any settlement monies paid to you as a result of any claim or lawsuit listed.

4. State the name and address of each person whom you know or believe to have any knowledge concerning the matters set forth in your complaint, their causes of consequences.

5. If you or your attorneys acting in your behalf have taken any statements or obtained any reports from any of the persons named in the prior interrogatory, state the following:

   a. the name and address of each person from whom statements or reports have been obtained;
   b. in whose possession said reports or statements are at the present time;
   c. the date the statement was made; and
   d. the substance of the statement.

6. With respect to each expert witness whom you will or may call to testify at a trial of said case:

   a. state the full name, address and field of specialization of each expert.
   b. state the subject matter on which each expert is expected to testify.
   c. state the substance of the facts and opinions to which each expert is expected to testify.
   d. give a summary of the grounds for each opinion.

7. If you have any photographs concerning any of the matters referred to in your complaint:

   a. state the number of photographs taken;
   b. state the date each photograph was taken;
   c. state by whom each photograph was taken;
   d. give a brief description of what each photograph depicts; and
   e. state in whose possession they are at the present time.

8. Give an account of expenses incurred for medical treatment for your son, itemized as to dates of treatment and the name and address of each person, hospital, health care facility and pharmacy providing such claim services for which you claim that you paid.

9. In addition to the expenses incurred for medical treatment for your son listed in answer to interrogatory #8, describe in detail:

   a. all elements of damage; and
   b. any indebtedness incurred by you as a result of your claim of loss of consortium, society, and services.

10. If you had any Health Care Policy or Medical Plan which paid for any of the medical expenses claimed by you in your complaint, state the full name for each Health Care Policy of Medical Plan affording coverage to

you and your son, the amounts paid under any such Policy or Plan and to whom payment was made.

11. If your son had any Health Care Policy of Medical plan which paid for any of the medical expenses claimed to have been incurred because of the mattes referred to in your complaint, state the full name of each Health Care Policy or Medical Plan affording coverage to your son, the name and address of the employer through which such Policy or Plan was afforded, the amounts paid under any such Policy or Plan and to whom payment was made.

12. If the decedent was employed in the five years prior to the incident referred to in the pending lawsuit, state:

a. the name and address of every person, firm or corporation by whom the decedent was employed in that five-year period preceding and since the incident in question;
b. the inclusive dates the decedent was employed by each such person, firm or corporation listed;
c. the type of work that the decedent did;
d. the reason for termination of the decedent's employment with each person, firm or corporation listed;
e. the approximate amount of the decedent's weekly earnings from each employer listed.

13. With respect to any claim of lost income, lost wages and/or loss of earning capacity referred to in the pending lawsuit, state the following:

a. the exact amount of money that the decedent claims to have lost;
b. the decedent's hourly rate of pay;
c. the number of hours per week that the decedent was working at the time of the incident complained of;
d. if the decedent was self-employed, state the name under which he operated his business, the length of time he operated said business, and the amount of his monthly income from said business.
e. set forth the method used to compute any losses listed in (a) above.

14. With respect to the date of the incident in question, state the following:

a. the nature of the work the decedent was performing;
b. the hours worked by the decedent on the day of the accident.

15. Give a detailed, itemized account of expenses of the decedent in each of the five years prior to death, including ordinary living expenses and expenses for medicine and medical treatment.

16. State the decedent's date of birth and death. If you will do so without a motion to produce, please attach a copy of the death certificate of the decedent to your answers to these interrogatories.

17. For all monetary losses to decedent's estate, state the sources, including the name, author and publisher of any reference books or publications used in the computation of any losses listed as well as the methods utilized in the reduction of the gross loss to its present value.

18. If an autopsy was performed, state the name and address of the person who performed the autopsy, where the autopsy was performed and when it was performed. If you will do so without a motion to produce, please attach a copy of the autopsy report, if performed, to your answers to these interrogatories.

19. Describe in full detail the happening of the accident that you allege caused decedent's injuries and resulting death.

20. If you or any of the decedent's beneficiaries received any monies from any source as a result of decedent's death, state the following:

    a. the full name of each payor, i.e. life insurance benefits, social security death benefits, health and accident insurance benefits, etc. and the amount paid by each payor listed.
    b. the full name and address of each person to whom any payments were made and the approximate date any payments were made.

21. With respect to each of decedent's beneficiaries:

    a. state each beneficiary's full name and address.
    b. state each beneficiary's date of birth.
    c. state the relationship of each beneficiary to decedent.

Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
Metals Recycling, LLC
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

TO: Brooks R. Magratten, Esq., and Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, Providence, RI 02903
Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110

Copy to counsel of record, as above, on December 18, 2006.

______________________________

MPD:fm 06-332

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S INTERROGATORIES ADDRESSED TO PLAINTIFF WILLIAM RUSHWORTH, SR., INDIVIDUALLY**

1. State your full name, your present address, your date of birth, your present marital status and your social security number.

2. If you have ever used or been known by any other names, please state each name that you have used or been known by.

3. State the name and address of your present employer and the type of work that you do.

4. Have you ever filed a lawsuit or made a claim because of any injury or damages which you sustained. Please list any such lawsuits or claims, giving a brief account of the circumstances thereof, the date of occurrence, the place of occurrence, the name and address of each party and its insurer against whom claim was made or suit was brought and the amount of any settlement monies paid to you as a result of any claim or lawsuit listed.

5. State the name and address of each person whom you know or believe to have any knowledge concerning the matters set forth in your complaint, their causes or consequences.

6. Have you or your attorneys acting in your behalf taken any statements or obtained any reports from any of the persons named in the foregoing answer.

7. If your answer to the foregoing question is affirmative, state the name and address of each person from whom statements or reports have been obtained and in whose possession said reports or statements are at the present time.

8. State the name and address and field of specialization of each expert witness who has been retained by you or by your counsel with reference to the matters set forth in your complaint who will testify at trial.

9. If you have any photographs concerning any of the matters referred to in your complaint:

(a) state the number of photographs taken;
(b) state the date each photograph was taken;
(c) state by whom each photograph was taken;
(d) give a brief description of what each photograph depicts; and
(e) state in whose possession they are at the present time.

10. Give an account of expenses incurred for medical treatment for your son, itemized as to dates of treatment and the name and address of each person, hospital, health care facility and pharmacy providing such services which you claim you paid for.

11. If you had any Health Care Policy or Medical Plan which paid for any of the medical expenses claimed by you in your complaint, state the full name of each Health Care Policy or Medical Plan affording coverage to you and your son, the amounts paid under any such Policy or Plan and to whom payment was made.

12. If decedent had any Health Care Policy or Medical Plan which paid for any of the medical expenses claimed to have been incurred because of the matters referred to in your complaint, state the full name of each Health Care Policy or Medical Plan affording coverage to your son, the name and address of the employer through which such Policy or Plan was afforded, the amounts paid under any such Policy or Plan and to whom payment was made.

13. State the name and address of your son's employer, the type of work he did, and the amount of his weekly earnings at the time of this incident.

14. State the name and address of each physician, psychiatrist, psychologist or any other health care provider rendering care and treatment to you in the five years prior to or since the incident date set forth in the pending lawsuit, including in your answer what the treatment was for.

15. In addition to the expenses incurred for medical treatment for your son listed in answer to interrogatory #15, describe in detail:

(a) all elements of damage; and
(b) any indebtedness incurred by you as a result of your claim of loss of consortium.

16. Give an account of expenses incurred for medical treatment for decedent, itemized as to dates of treatment and the name and address of each person, hospital, health care facility and pharmacy providing such services which you claim you paid for.

17. If you were employed at the time of this matter and claim a period of loss of time due to the matters referenced in your complaint, state the name and address of your employer, the type of work you did, your weekly earnings, the period of loss of time from your job, and the dollar amount claimed.

______________________________

Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
Metals Recycling, LLC
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

TO: Brooks R. Magratten, Esq., and Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, Providence, RI 02903
Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110

Copy to counsel of record, as above, on December 18, 2006.

______________________________

MPD:fm 06-332

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF WILLIAM RUSHWORTH, SR., AS ADMINISTRATOR OF THE ESTATE OF TODD BRIAN RUSHWORTH**

1. Copy of death certificate for plaintiff's decedent.

2. Copy of autopsy report for plaintiff's decedent.

3. Copy of funeral bill for plaintiff's decedent.

4. Copies of medical records of decedent's treating physician in the 5 (five) years prior to July 14, 2003. .

5. Copies of all office records, medical reports, medical bills and prescription receipts of all physicians, hospitals, health care facilities and pharmacies for examination, care and treatment of this decedent because of matters referred to in your complaint.

6. Copies of all photographs, videotapes and diagrams in the possession of plaintiff or plaintiff's attorney with reference to any of the mattes referred to in plaintiff's complaint.

7. A copy of any and all insurance policies which provide coverage to the decedent for the incident in question along with a copy of any applicable declaration pages.

8. A copy of decedent's W-2 and federal income tax records for the period of five years prior to the incident in question.

Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
Metals Recycling, LLC
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

TO: Brooks R. Magratten, Esq., and Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, Providence, RI 02903
Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110

Copy to counsel of record, as above, on December 18, 2006.

**EXHIBIT B**

EXHIBIT B

ESTABLISHED 1900

# RICE DOLAN & KERSHAW

*Attorneys At Law*

THE UNION TRUST BUILDING
SUITE 900
170 WESTMINSTER STREET
PROVIDENCE, RI 02903

TELEPHONE:
401-272-8800

TELECOPIER: 401-421-7218

E-MAIL:
RICEDOLAN@RICEDOLAN.COM

*Mark P. Dolan, Esq.*
*Also Admitted in Massachusetts*

February 7, 2007

Carol A. Zangari, Esq.
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

Re: William A. Rushworth, Sr., et al
Vs: Metals Recycling, LLC, et al
No: Our File: 06-332

Dear Carol:

Would you please advise as to the status of plaintiff's responses to third-party defendant Metals Recycling, LLC's discovery requests propounded on or about December 18, 2006 in reference to the above matter.

May I please hear from you within ten (10) days from the date of this letter.

Very truly yours,

Mark P. Dolan

MPD:fm

ESTABLISHED 1900

# RICE DOLAN & KERSHAW

*Attorneys At Law*

THE UNION TRUST BUILDING
SUITE 900
170 WESTMINSTER STREET
PROVIDENCE, RI 02903

TELEPHONE:
401-272-8800

TELECOPIER: 401-421-7218

E-MAIL:
RICEDOLAN@RICEDOLAN.COM

*Mark P. Dolan*
*Also admitted in Massachusetts*

February 19, 2007

Carol Zangari, Esq.
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

Re: William A. Rushworth, Sr., et al.
Vs: Metals Recycling, LLC, et al.
No: Our File 06-332

Dear Carol:

Reference is made to our prior correspondence of February 7, 2007. If we do not hear from you within ten (10) days of this letter, we will have no alternative but to file the appropriate motion to compel with the Court.

I look forward to hearing from you as soon as possible in this regard.

Very truly yours,

Mark P. Dolan

MPD:ld

3

**EXHIBIT C**

EXHIBIT C

LAW OFFICES OF
CAROL A. ZANGARI

THE WILCOX BUILDING
42 WEYBOSSET STREET, SUITE 402, PROVIDENCE, RHODE ISLAND 02903-2855
TEL 401.831.1999 • FAX 401.454.8309 • caz@zangarilaw.com

February 26, 2007

***Via Facsimile & U.S. Mail***

Mark P. Dolan, Esq.
Rice, Dolan & Kershaw
170 Westminster Street
Suite 900
Providence, RI 02903

**Re: William A. Rushworth**
**Vs. Metals Recycling, LLC, et al**
**No.: Your File No.: 06-332**

Dear Attorney Dolan:

Thank you for your correspondence dated February 19th. In response thereto, please be advised that I am currently in the process of finalizing the Plaintiff's discovery compliance with regard to the above-captioned matter and hereby request an additional thirty days from today's date within which to comply with same.

Please advise.

Thank you for your kind attention to this request.

Very truly yours,

Carol A. Zangari

CAZ:dmg

ESTABLISHED 1900

RICE DOLAN & KERSHAW

*Attorneys At Law*

THE UNION TRUST BUILDING
SUITE 900
170 WESTMINSTER STREET
PROVIDENCE, RI 02903

TELEPHONE:
401-272-8800

TELECOPIER: 401-421-7218

E-MAIL:
RICEDOLAN@RICEDOLAN.COM

*Mark P. Dolan*
*Also admitted in Massachusetts*

February 28, 2007

Carol Zangari, Esq.
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

Re: William A. Rushworth, Sr., et al.
Vs: Metals Recycling, LLC, et al.
No: Our File 06-332

Dear Carol:

I acknowledge receipt of and thank you for your correspondence dated February 26, 2007. I have no objection to the thirty day extension within which to receive the plaintiffs' discovery responses.

Very truly yours,

Mark P. Dolan

MPD:ld

B

**EXHIBIT D**

EXHIBIT D

ESTABLISHED 1900

# RICE DOLAN & KERSHAW

*Attorneys At Law*

THE UNION TRUST BUILDING
SUITE 900
170 WESTMINSTER STREET
PROVIDENCE, RI 02903

TELEPHONE:
401-272-8800

TELECOPIER: 401-421-7218

E-MAIL:
RICEDOLAN@RICEDOLAN.COM

*Mark P. Dolan*
*Also admitted in Massachusetts*

April 11, 2007

Carol A. Zangari, Esq.
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

Re: William A. Rushworth, Sr., et al.
Vs: Metals Recycling, LLC, et al.
No: Our File 06-332

Dear Carol:

This file has come up on diary for review. May I please hear from you as soon as possible with respect to the status of the plaintiffs' discovery responses. As you are aware, they are now overdue.

I look forward to hearing from you.

Very truly yours,

Mark P. Dolan

MPD:ld

B