UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SALAH & PECCI LEASING COMPANY, INC., et al.<br><br>Defendants<br>v.<br><br>METALS RECYCLING, L.L.C., et al.<br><br>Third-Party Defendants. | ) | C.A. No. 06-369T |

**THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S FIRST SET OF INTERROGATORIES TO THIRD-PARTY DEFENDANTS JOHN LOPES AND HORACE CASTLE**

Pursuant to Rules 26 and 33 of the Fed. R. Civ. P. and the Local Rules of the United States District Court for the District of Rhode Island, Third-Party Plaintiff Salah & Pecci Leasing Company, Inc. ("SPL") propounds the following interrogatories to Third-Party Defendant John Lopes, in his capacity as President of the International Longshoremen's Association Local #1329 ("Union"), and Third-Party Defendant Horace Castle, in his capacity as Secretary-Treasurer of Union. Answers shall be served within thirty (30) days of the date of the request to the offices of Foley Hoag LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210. These interrogatories are to be answered separately, fully, in writing and under oath.

## I. DEFINITIONS

1. Unless otherwise stated, the terms "Union," "you" and "your" as used herein, shall include the International Longshoremen's Association Local #1329, any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto, and any present or former officer, director, counsel, attorney, advisor, consultant, subcontractor, member, agent, employee, representative or other person acting for or on behalf of Union or any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto.

2. Unless otherwise stated, the terms "Metals" as used herein, shall include third-party defendant Metals Recycling, LLC, any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto, and any present or former officer, director, counsel, attorney, advisor, consultant, subcontractor, agent, employee, representative or other person acting for or on behalf of Metals or any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto.

3. The term "SPL" as used herein, shall include defendant/third-party plaintiff Salah & Pecci Leasing Company, Inc., any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto, and any present or former officer, director, counsel, attorney, advisor, consultant, subcontractor, agent, employee, representative or other person acting for or on behalf of SPL or any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto.

4. "Incident" means the incident, event, acts, omission, occurrences, circumstances, conditions, injuries and other facts alleged in the plaintiff's Complaint dated June 7, 2006, or alleged in SPL's Third-Party Complaint dated September 5, 2006, or which you contend existed or occurred on or about July 14, 2003.

5. "Crane" refers to the crane alleged to have been operated by the decedent Todd Brian Rushworth on or about July 14, 2003.

6. The term "document," as used herein, shall be construed in the broadest sense possible and shall include all documents within the meaning of Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term, as are all media and other tangible sources from which information can be retrieved or derived in any fashion.

7. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

8. The term "concerning" means referring to, describing, evidencing or constituting.

9. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. "Identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14. When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention the party shall

A. identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

B. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

C. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

D. state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

## II. INSTRUCTIONS

1. If any interrogatory is objected to on the ground of a claim of privilege, please state the nature of the claimed privilege and the basis therefor, and please answer the interrogatory to the fullest extent possible without waiving said claim of privilege.

2. These interrogatories require supplemental or amended answers to the extent required by Fed. R. Civ. P. 26(e) and shall be deemed to constitute continuing requests for supplemental answers pursuant to Fed. R. Civ. P. 26(e)(3).

3. The singular shall be deemed to include the plural; the plural shall be deemed to include the singular; the words "and" and "or" shall be used conjunctively or disjunctively, all as necessary to make the interrogatory inclusive rather than exclusive.

## III. INTERROGATORIES

1. Identify each natural person whom you know or believe to be a witness to the Incident, or to have any personal knowledge of or involvement in the Incident, stating as to each:

a) the person's name and home address;

b) the person's employer, job title and job responsibilities, at the time of the Incident and at present;

c) whether the person is, or was at the time of the Incident, a member of a union or labor organization and identifying any such union or labor organization;

2. For each person identified in your response to Interrogatory No. 1, please state with reasonable particularity:

a) the person's the knowledge with respect to the Incident;

b) the person's physical location at the time of the Incident;

c) the person's actions, duties and responsibilities at the time of the Incident, including without limitation, any duties or responsibilities, whether direct or supervisory, concerning the inspection, loading, use or operation of the Crane.

3. For each person identified in your response to Interrogatory No. 1, please state the hours worked by that person, specifying the start and stop times for each shift, for the thirty-day period leading up to and including the Incident, with a description of the work performed.

4. To the extent not called for in Interrogatory No. 1, identify any person or organization involved in the Incident, including without limitation, any person or organization who supplied labor, services or equipment in connection with the Incident, and explain the role of said person or organization in connection with the Incident.

5. Describe any training or instruction provided to Union members concerning the maintenance, inspection, loading, use or operation of cranes and identify any written materials, manuals or guidelines used in connection with such training.

6. For each person identified in your response to Interrogatory No. 1, describe any training or instruction received by that person concerning the topics identified in Interrogatory No. 5, and specify the time, place and manner of such training or instruction.

7. Identify any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse payments made to satisfy such judgment.

8. Identify each person whom you expect to call as an expert witness at trial, stating as to each:

a) the person's name and address;

b) the subject matter on which the expert is expected to testify;

c) the person's qualifications;

d) the substance of the facts and opinions to which the expert is expected to testify; and

e) a summary of the grounds for each such opinion.

Respectfully submitted,

SALAH & PECCI LEASING COMPANY

Brooks R. Magratten, # 3583
Michael J. Daly, # 6729
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (fax)

Jeffrey S. Follett (admitted *pro hac vice*)
Jessica V. Barnett (admitted *pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within Third-Party Defendant's First Set of Interrogatories to Third-Party Defendants were mailed via U.S. Mail, first class, postage prepaid, on May 17, 2007 to the below listed counsel of record:

Carol A. Zangari, Esq.
The Wilcox Building
42 Weybosset St., Suite 402
Providence, RI 02903

John F. Kelleher, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
170 Westminster Street
Suite 900
Providence, RI 02903

Robert J. Quigley, Jr.
Mckenney, Jeffrey & Quigley
95 Chestnut Street, 6th Fl.
Providence, RI 02903