UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., et al., Plaintiffs, v. SALAH & PECCI LEASING COMPANY, INC., et al. Defendants v. METALS RECYCLING, L.L.C., et al. Third-Party Defendants. | ) | C.A. No. 06-369T |

**THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S FIRST REQUEST TO THIRD-PARTY DEFENDANTS JOHN LOPES AND HORACE CASTLE FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Rhode Island, Third-Party Plaintiff Salah & Pecci Leasing Company, Inc. ("SPL") hereby requests that Third-Party Defendant John Lopes, in his capacity as President of the International Longshoremen's Association Local #1329 ("Union"), and Third-Party Defendant Horace Castle, in his capacity as Secretary-Treasurer of Union, within thirty (30) days of the date of the request, produce and permit SPL to inspect and copy all documents hereinafter specified, at the offices of Foley Hoag LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210.

## I. DEFINITIONS

1. Unless otherwise stated, the terms "Union," "you" and "your" as used herein, shall include the International Longshoremen's Association Local #1329, any division, unit,

subsidiary, affiliate or parent thereof or predecessor or successor thereto, and any present or former officer, director, counsel, attorney, advisor, consultant, subcontractor, member, agent, employee, representative or other person acting for or on behalf of Union or any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto.

2. Unless otherwise stated, the terms "Metals" as used herein, shall include third-party defendant Metals Recycling, LLC, any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto, and any present or former officer, director, counsel, attorney, advisor, consultant, subcontractor, agent, employee, representative or other person acting for or on behalf of Metals or any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto.

3. The term "SPL" as used herein, shall include defendant/third-party plaintiff Salah & Pecci Leasing Company, Inc., any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto, and any present or former officer, director, counsel, attorney, advisor, consultant, subcontractor, agent, employee, representative or other person acting for or on behalf of SPL or any division, unit, subsidiary, affiliate or parent thereof or predecessor or successor thereto.

4. "Incident" means the incident, event, acts, omission, occurrences, circumstances, conditions, injuries and other facts alleged in the plaintiff's Complaint dated June 7, 2006, or alleged in SPL's Third-Party Complaint dated September 5, 2006, or which you contend existed or occurred on or about July 14, 2003.

5. "Crane" refers to the crane alleged to have been operated by the decedent Todd Brian Rushworth on or about July 14, 2003.

6. The term "document," as used herein, shall be construed in the broadest sense possible and shall include all documents within the meaning of Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term, as are all media and other tangible sources from which information can be retrieved or derived in any fashion.

7. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

8. The term "concerning" means referring to, describing, evidencing or constituting.

9. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

## II. INSTRUCTIONS

1. For any request or subpart thereof to which you assert a claim of privilege, if you withhold any documents on the basis of that assertion, identify the nature of the privilege that is being claimed with respect to each document that is withheld. If the privilege is being asserted in connection with a claim or defense governed by state law, identify the particular privilege rule that is being invoked.

2. This request for production of documents requires supplemental or amended responses and/or production to the extent required by Fed R. Civ. P. 26(e) and shall be deemed to constitute a continuing request for supplemental responses and/or production pursuant to Fed. R. Civ. P. 26(e).

3. The singular shall be deemed to include the plural; the plural shall be deemed to include the singular; the words "and" and "or" shall be used conjunctively or disjunctively. All as necessary to make the document request inclusive rather than exclusive.

8. All documents concerning the Incident, including but not limited to all accident or incident reports, witness statements, communications, correspondence, emails, meeting notes, interview notes, photographs or video.

Respectfully submitted,

SALAH & PECCI LEASING COMPANY

Michael J. Daly

Brooks R. Magratten, # 3585
Michael J. Daly, # 6729
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (fax)

Jeffrey S. Follett (admitted *pro hac vice*)
Jessica V. Barnett (admitted *pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: May 17, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within Third-Party Defendant's First Request to Third-Party Defendants John Lopes and Horace Castle for Production of Documents were mailed via U.S. Mail, first class, postage prepaid, on May 17, 2007 to the below listed counsel of record:

Carol A. Zangari, Esq.
The Wilcox Building
42 Weybosset St., Suite 402
Providence, RI 02903

John F. Kelleher, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
170 Westminster Street
Suite 900
Providence, RI 02903

Robert J. Quigley, Jr.
Mckenney, Jeffrey & Quigley
95 Chestnut Street, 6th Fl.
Providence, RI 02903

[signature]