UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH, Plaintiff, | |
| v. | CA 06-364 T |
| MANITOWOC ENGINEERING CO., THE MANITOWOC COMPANY, INC., Defendant. | |

| | |
|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH, Plaintiff, | |
| v. | CA 06-369 T |
| SALAH & PECCI LEASING COMPANY, INC., SALAH & PECCI, a/k/a JOHN DOE CORP., Defendant and Third-Party Plaintiff, | |
| v. | |
| METALS RECYCLING, LLC, MANITOWOC CRANES, INC. INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329 JOHN LOPES, in his capacity as President of Local #1329; HORACE CASTLE, in his Capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5, Third-Party Defendants. | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court in this consolidated action are two motions: 1) Manitowoc Cranes, Inc.'s Renewed Motion to Dismiss for Failure to Comply with a Prior Court Order (Document ("Doc.") #22), filed in CA 06-364 T; and 2) Manitowoc Cranes, Inc.'s Renewed Motion to Dismiss for Failure to Comply with a Prior Court Order (Doc. #37), filed in CA 06-369 T. The Court refers to the motions collectively as the "Renewed Motions to Dismiss" or the "Renewed Motions." Plaintiff William A. Rushworth, Sr. ("Plaintiff"), has filed an objection to the Renewed Motions. See Plaintiff's Objection to Defendant, Manitowoc Cranes, Inc.'s Motion to Dismiss (Doc. #23) ("Objection").[1]

The Renewed Motions have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I recommend that the Renewed Motions be granted to the extent that they seek an award to Defendant Manitowoc Cranes, Inc.[2] ("Manitowoc"), of its reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(b)(2) in connection with the four motions which Manitowoc has filed regarding Plaintiff's responses to Manitowoc's interrogatories. I recommend that the Renewed Motions be denied to the extent that they seek to dismiss particular allegations or claims by Plaintiff and to preclude Plaintiff from admitting particular evidence regarding those allegations.

---

[1] Plaintiff's Objection to Defendant, Manitowoc Cranes, Inc.'s Motion to Dismiss (Doc. #23) ("Objection") was docketed only in CA 06-364 T. However, the Court treats the Objection as being filed in both cases.

[2] In the Renewed Motions, Defendant Manitowoc Cranes, Inc. ("Manitowoc"), states that it has been improperly designated as "Manitowoc Engineering Co. and The Manitowoc Company, Inc." See Renewed Motions at 1-2. Thus, the Court identifies Manitowoc as stated above.

## Facts and Travel

This action arises from an accident which occurred on July 14, 2003, at the Port of Providence. See Complaint ¶¶ 4-5.[3] On that date, Plaintiff's son, Todd Brian Rushworth ("Todd"), was operating a crane in the course of his employment with Metals Recycling, LLC ("Metals Recycling"). See id. ¶¶ 2, 4-5. The crane was manufactured by Manitowoc. See id. ¶ 8. As the crane was being operated, the boom snapped, causing the load to swing back into the cab where Todd was seated. See id. ¶ 19. He sustained severe injuries which resulted in his death within hours of the accident. See id. ¶ 20.

Just shy of three years later, on or about July 13, 2006, Plaintiff filed an action against Manitowoc in the state superior court. See Complaint at 6. Among other allegations, Plaintiff alleged that the crane was in a defective condition and/or unfit for its intended use, see id. ¶ 6, and that Manitowoc breached various duties which it owed to the purchaser and/or user of the crane, see id. ¶¶ 13-18, including the duty to provide adequate directions or warnings concerning use of the crane, see id. ¶ 15. Manitowoc removed the action to this Court on August 10, 2006. See Docket.[4]

Also on August 10th, Manitowoc served interrogatories upon Plaintiff. See Manitowoc Cranes, Inc.'s Memorandum of Law in Support of Renewed Motion to Dismiss for Failure to Comply with a Prior Court Order ("Manitowoc's Mem.") at 2. Plaintiff failed to respond within the thirty days required by Fed. R. Civ. P. 33(b). See id. at 3. On September 20, 2006, Manitowoc's counsel sent a letter to Plaintiff's counsel, reminding her that answers to the

[3] The Complaints filed in the two cases are similar. For simplicity, the Court cites to the Complaint filed in CA 06-364 T.

[4] Unless otherwise noted, hereafter all citations to "Docket" or "Doc. #" refer to CA 06-364 T.

interrogatories were overdue and requesting that they be provided. See Manitowoc's Mem., Exhibit ("Ex.") A (Letter from DeMaria to Zangari of 9/20/06). Plaintiff's counsel did not respond to the letter. See Manitowoc's Mem. at 3.

On October 4, 2006, Manitowoc filed a motion to compel Plaintiff to answer the interrogatories. See Defendant, Manitowoc Cranes, Inc.'s Motion to Compel Production and Answers to Interrogatories (Doc. #9) ("Motion to Compel Answers"). No objection to the Motion to Compel was filed, and it was granted by the Court on October 30, 2006. See Order of 10/30/06 (Doc. #10). Plaintiff was ordered to respond to the interrogatories within thirty days, i.e., by November 30, 2006. See id.

Plaintiff then asked Manitowoc for an extension of time beyond November 30, 2006, to respond to the interrogatories, and Manitowoc agreed to an extension until December 24, 2006. See Manitowoc's Mem. at 3. Notwithstanding the extension, Plaintiff failed to provide the answers by the December 24th deadline. See id.

On January 10, 2007,[5] Manitowoc filed a motion to dismiss the action because of Plaintiff's failure to comply with the Order of 10/30/06. See Defendant's Motion for Dismissal (Doc. #12) ("Motion to Dismiss"). The Motion to Dismiss requested "a 30-day order of dismissal." Id. Before this motion was heard or ruled upon, Plaintiff served Manitowoc with answers to the interrogatories on February 5, 2007.[6] See Manitowoc's Mem. at 3.

---

[5] Manitowoc states that Defendant's Motion for Dismissal (Doc. #12) ("Motion to Dismiss") was filed on January 16, 2007. See Manitowoc's Mem. at 3. However, the Docket reflects that the Motion to Dismiss was filed on January 10, 2007, and that the memorandum (Doc. #13) supporting that motion was filed on January 16, 2007. See Docket.

[6] The Motion to Dismiss was passed at the Scheduling Conference held on or about March 22, 2007. See Docket.

However, according to Manitowoc, these answers "contained little, if any, meaningful information which Defendants could use to understand and evaluate the claims Plaintiff has asserted." Id. at 3-4.

On March 19, 2007, Manitowoc's counsel sent Plaintiff's counsel a letter, enclosing a draft motion to compel more responsive answers and requesting that Plaintiff's counsel respond "within ten days[] so that we may work this out without the necessity of filing the motion." Id., Ex. B (Letter from Oldmixon to Zangari of 3/19/07). According to Manitowoc, Plaintiff never responded to this correspondence.[7] See Manitowoc's Mem. at 4. On April 24, 2007, Manitowoc filed the motion to compel more responsive answers.[8] See Defendant Manitowoc Crane's [sic] Motion to Compel More Responsive Answers to Interrogatories (Doc. #20) ("Motion to Compel More Responsive Answers"). The motion requested that Plaintiff be compelled to provide more responsive answers to Interrogatory Nos. 1-8, 11-16, 18-20, 22, and 24, see id. at 2-13. Plaintiff did not file an objection or response to the motion, and it was granted by the Court in a text order issued on May 18, 2007. See Docket. The order stated that Plaintiff had twenty-one days to comply. See Doc. #21. Plaintiff's more responsive answers were thus due on

---

[7] At the August 10, 2007, hearing on the Renewed Motions to Dismiss, Plaintiff's counsel indicated that the responses to the interrogatories had been discussed at the scheduling conference (which was conducted on or about March 22, 2007, see Docket). See Tape of 8/10/07 Hearing. She was uncertain whether Plaintiff had requested an extension to provide further responses to the interrogatories. See id.

[8] Defendant Manitowoc Crane's [sic] Motion to Compel More Responsive Answers to Interrogatories (Doc. #20) ("Motion to Compel More Responsive Answers") was docketed in both actions as a result of the Consolidation Order (Doc. #18) entered by the Court on March 22, 2007. Manitowoc's earlier motions pertaining to the interrogatories were filed only in CA 06-364 T.

June 8, 2007. This deadline also passed without compliance by Plaintiff. See Manitowoc's Mem. at 4.

The instant Renewed Motions to Dismiss were filed by Manitowoc on June 28, 2007. See Docket. Plaintiff filed his Objection to the Renewed Motions on July 12, 2007. See id. On the same date, Plaintiff also served Manitowoc with Plaintiff's More Responsive Answers to Defendant, Manitowoc's Crane's [sic] Interrogatories ("More Responsive Answers").[9] See Plaintiff's Reply Memorandum in Support of His Objection to Defendant, Manitowoc Cranes, Inc.'s Renewed Motion to Dismiss (Doc. #26) ("Plaintiff's Reply Mem.") at 1. A hearing on the Renewed Motions was scheduled for August 10, 2007. See Docket.

At the August 10th hearing, the Court directed counsel for Manitowoc to submit a supplemental memorandum by August 24, 2007, setting forth the interrogatories at issue, Plaintiff's original responses, and Plaintiff's More Responsive Answers and explaining why Manitowoc deemed the additional responses still to be inadequate. See Tape of 8/10/07 Hearing. The Court directed Plaintiff to file a reply memorandum by September 4, 2007. See id. These supplemental memoranda were timely filed and, thereafter, the Court took the Renewed Motions under advisement.

**Law**

Federal Rule of Civil Procedure 37(b)(2)[10] provides that if

---

[9] Plaintiff's counsel provided the Court with a copy of the More Responsive Answers at the August 10, 2007, hearing. The Court has designated this copy as Plaintiff's Hearing Ex. 1.

[10] The December 1, 2007, amendments to the Federal Rules of Civil Procedure made stylistic changes to the language of Rule 37(b)(2). See Fed. R. Civ. P. 37 advisory committee note for 2007 amendment. Although these changes do not affect the resolution of the instant Renewed Motions, the Court applies the Rule as it existed prior to the most recent amendments. See MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 73 F.3d 1253, 1257 (2nd Cir. 1996)(stating that because the allegedly sanctionable conduct occurred prior to the effective date of the 1993 amendments, the district court was required to apply the

a party fails to obey an order to provide discovery, the court may, *inter alia*, make such orders in regard to the failure as are just, including: 1) refusing to allow the disobedient party to support designated claims or prohibiting that party from introducing designated matters in evidence; 2) striking out pleadings or parts thereof, or dismissing the action or any part thereof; and 3) requiring the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(b)(2). The United States Supreme Court has upheld dismissal of an action pursuant to Rule 37 where the plaintiffs failed to timely answer interrogatories. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640, 96 S.Ct. 2778, 2779 (1976)(finding district judge did not abuse discretion in dismissing action "where crucial interrogatories remained substantially unanswered despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour, and notwithstanding several admonitions by the [c]ourt and promises and commitments by the plaintiffs"); see also Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir. 1983)(describing Nat'l Hockey League as "a turning point in the law on the use of the sanction of dismissal for failure to obey a discovery order").

Nevertheless, "dismissal for failure to comply with discovery orders or lack of prosecution should not be ordered without thoughtful consideration of all the factors involved."

---

standard of conduct set forth in the pre-1993 rule); see also Legault v. Zambarano, 105 F.3d 24, 27 n.1 (1st Cir. 1997)(noting that district court judge applied the civil rules as they existed prior to the 1993 amendments out of concern that application of the rules in their later form might be unfair because the misconduct occurred before the effective date of the amendments).

Damiani v. Rhode Island Hosp., 704 F.2d at 17. Among the relevant factors which the court should consider are: "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operation of the court, and the adequacy of lesser sanctions." Malloy v. WM Specialty Mortgage LLC, 512 F.3d 23, 26 (1st Cir. 2008)(internal quotation marks omitted). A court should also consider whether the offending party has been given notice and opportunity to explain its noncompliance and to argue for a lesser penalty. See id.

Dismissal with prejudice is the harshest sanction, other than contempt, which may be visited on a party. Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 4 (1st Cir. 2006). For that reason, it has long been the rule in the First Circuit that "a case should not be dismissed with prejudice except 'when a plaintiff's misconduct is particularly egregious or extreme.'" Id. at 5 (quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995)); see also Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991)("[D]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'") (quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990)); Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977)("The essential reason for the traditional reluctance of the courts to default a party is the 'policy of the law favoring the disposition of cases on their merits.'")(quoting Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971)).

Therefore, prior to choosing the harsh sanction of dismissal, a district court should consider the "broad panoply of lesser sanctions available to it ...." Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 40 (1st Cir. 2002); see also

Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)("When noncompliance [with an order] occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation."). The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005).

**Discussion**

It is indisputable that Plaintiff's compliance with his discovery obligations has been untimely. See Facts and Travel supra at 2-6. Plaintiff did not provide any answers to Manitowoc's interrogatories until February 5, 2007, almost six months after they were served upon Plaintiff and well beyond the date for compliance with the Order of 10/30/06 (which date Manitowoc agreed to extend to December 24, 2007). After this much belated compliance, Plaintiff did not respond to Manitowoc's written request for more responsive answers and failed to comply with the Court's order of May 18, 2007, requiring that Plaintiff provide more responsive answers by June 8, 2008. Plaintiff did not provide his More Responsive Answers until July 12, 2007, which was after Manitowoc had filed the instant Renewed Motions to Dismiss.

Plaintiff has not offered any substantial justification for the untimeliness of his responses. Thus, the Court is unable to find that Plaintiff's failure to make timely discovery "was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b)(2). Accordingly, to the extent that the Renewed Motions seek to have Manitowoc awarded its reasonable expenses, including attorney's fees, incurred in

relation to the four motions[11] Manitowoc has filed to obtain answers and more responsive answers to its interrogatories, the Renew Motions should be granted. I so recommend.

A more difficult question is presented by Manitowoc's requests to dismiss Plaintiff's allegations 1) that the crane was defective, 2) that Manitowoc was negligent, and 3) that the crane lacked warnings and also to preclude Plaintiff from admitting evidence in support of these allegations. See Renewed Motions at 9. Manitowoc claims that, because of Plaintiff's failure to provide complete answers to the interrogatories, it and the other defendants in this action "are in the untenable position of trying to defend claims that they do not understand and cannot evaluate." Manitowoc's Mem. at 2. Manitowoc asserts that the interrogatories seek the most basic of information regarding the claims Plaintiff has against Manitowoc. See id.

In compliance with the Court's directive at the August 10, 2007, hearing, Manitowoc has identified thirteen interrogatories[12] as to which it contends Plaintiff's responses are still allegedly deficient, notwithstanding the supplementation which Plaintiff provided on July 12th. See Defendant's Supplemental Memorandum in Support of Its Renewed Motion to Dismiss (Doc. #24) ("Manitowoc's Supp. Mem."); see also More Responsive Answers. Of these thirteen interrogatories, three pertain directly to allegations which Manitowoc seeks to have dismissed and to the evidence which Manitowoc seeks to have

---

[11] The four motions are: the Motion to Compel Answers (Doc. #9); the Motion to Dismiss (Doc. #12); the Motion to Compel More Responsive Answers (Doc. #20); and the Renewed Motion to Dismiss (Doc. #22).

[12] The interrogatories as to which Plaintiff's responses are still allegedly deficient are Nos. 2-3, 6-8, 11-15, 19, 22, and 24. See Manitowoc's Supp. Mem. at 1-18.

precluded.[13]

Interrogatory No. 12 asks Plaintiff to state essentially: a) what Plaintiff claims Manitowoc should have done in order to exercise due care, and b) all facts upon which Plaintiff relies in alleging that Manitowoc negligently failed to warn Plaintiff's decedent of the allegedly dangerous or defective condition of the crane. See Manitowoc's Supp. Mem. at 8-9. Plaintiff's original response to Interrogatory No. 12 stated in part:

> Upon information and belief, said Defendant participated in a reconfiguration of the crane with respect to the location of the cab which was originally low and was raised to a higher location where it was placed at the time this incident occurred, i.e., approximately 30 feet above. The Defendant knew or should have known that this reconfiguration and cab location adjustment created a significantly greater risk to the operator and required, therefore, a heightened need for the calibration of load weight and crane angle. The reconfigured crane should have been OSHA approved and otherwise in conformance with standards in the industry and suitable for its intended use.

Id. at 9. Plaintiff subsequently supplemented this answer by stating that he was not in possession of any additional

[13] Of the remaining ten interrogatories (as to which Manitowoc contends Plaintiff's responses are still insufficient), six (Nos. 6, 8, 11, 15, 19, and 24) seek information which is related to the information sought by Nos. 12, 13, and 14. The Court finds it unnecessary to address these six interrogatories individually as the Court's conclusion regarding them (relative to Manitowoc's request for dismissal of certain of Plaintiff's allegations and preclusion of Plaintiff's evidence) is the same as its conclusion regarding Nos. 12, 13, and 14. The remaining four interrogatories, Nos. 2, 3, 7, and 22, are not related (or, at most, only incidentally related) to the allegations which Manitowoc seeks to have dismissed or the evidence it seeks to have precluded. The Court, therefore, finds it unnecessary to discuss them relative to that sanction. To the extent that Manitowoc contends the answers to these four interrogatories are still insufficient, the Court rejects this contention except as to Interrogatory No. 22. As to that interrogatory, Plaintiff should provide the amount of Plaintiff's decedent's average weekly wages for the period three months prior to the alleged injury. See Manitowoc's Supp. Mem. at 16.

information and that:

> [d]iscovery in this matter is on-going and the information sought as to the specifics of the reconfiguration, calibration of load weight and crane angle and whether or not this Defendant knew or should have known of the hazard presented by its equipment is information which must be ascertained from the requesting party in the course of the on-going discovery.

Id. at 10.

Manitowoc argues that this supplementation is insufficient and asserts that Plaintiff should provide the standards with which Plaintiff alleges the reconfigured crane should have been in conformance. See id. Manitowoc additionally argues that Plaintiff should "provide specific dimensions and descriptions of the dangerous and defective condition alleged by the Plaintiff; and state exactly what dangerous and/or defective conditions Plaintiff claims Defendant was aware of." Id. In support of these contentions, Manitowoc asserts that this interrogatory goes to the heart of Plaintiff's Complaint and that Manitowoc cannot defend against the allegations against it without knowledge of Plaintiff's specific allegations. See id.

Plaintiff counters that the date for the close of fact discovery is January 31, 2008, see Plaintiff's Reply Mem. at 1; see also Scheduling Order (Doc. #19), Attachment (Scheduling Addendum) at 1, and that fact discovery is on-going until that date, see Plaintiff's Reply Mem. at 1. In addition, Plaintiff notes that the deadline for expert disclosure on Plaintiff's part is February 28, 2008, and that the deadline for reciprocal expert disclosure by Manitowoc is March 28, 2008. See id. at 1-2. Plaintiff further notes that the Scheduling Order provides that all other discovery, including expert depositions, shall be completed by June 15, 2008. See id. at 2; see also Scheduling Addendum at 2. Given these deadlines, Plaintiff argues that there is no genuine issue of prejudice to Manitowoc with respect

to the instant Renewed Motions. See Plaintiff's Reply Mem. at 2.

Plaintiff additionally argues that he occupies a representative capacity and that he can only ascertain particulars as information is provided to him by other parties and/or individuals. See id. Plaintiff also asserts that Manitowoc participated in the reconfiguration of the crane and that Manitowoc has knowledge of its own product. See id.

Interrogatory No. 13 requests that Plaintiff "state exactly what warnings the [P]laintiff claims should have been made to include the exact wording of the warnings, the size of the warnings, the type of the warning to be made, the color and size of the letters and where exactly the warnings should have been placed." Manitowoc's Supp. Mem. at 10. Plaintiff's initial response to this Interrogatory stated in part that "there were no warnings provided to the operator concerning the risk posed by this reconfiguration. Load measuring devices with shut-off ability and/or warning signal to the operator regarding an overload should have been installed." Id. Manitowoc then sought to have "Plaintiff provide the exact wording of the warnings Plaintiff claims should have been included ...." Id. Plaintiff responded, in part, by stating that further information regarding this topic "must be ascertained in the course of discovery which is on-going." Id. at 11.

Lastly, Interrogatory No. 14 asks Plaintiff to state precisely and in detail all of the facts upon which Plaintiff relies in his allegation that the product (crane) was defective in design and manufacture. See id. Interrogatory No. 14 further requests that Plaintiff provide precise particulars with regard to such defects by responding to five subparts of the interrogatory. See id. Plaintiff initially responded to this Interrogatory by stating that "the cab location of this crane as reconfigured represented a hazard to the operator thereof. See

OSHA investigation report and conclusions for further information currently available concerning the crane." Id. at 11. In his more responsive answer, Plaintiff stated that he had no direct knowledge as to all the specifics with reference to Manitowoc's involvement in the reconfiguration of the crane in question but:

> upon good faith information and belief, [is] aware that the Defendant participated to some degree in the process and, therefore, had a measure of responsibility with respect to the product in its reconfigured form. The reconfiguration involved the elevation of the cab in order to utilize this crane for the loading of ships and it was the duty of the manufacturer, to the extent of its involvement in this reconfiguration, to issue all pertinent warnings and/or instructions relevant to using this crane for this particular purpose.

Id. at 12.

Manitowoc argues that Plaintiff's supplemental response is still insufficient, and its argument in this regard highlights the instant dispute relative to Manitowoc's request to strike certain allegations by Plaintiff and to preclude Plaintiff from offering evidence regarding those allegations. Manitowoc complains that:

> This interrogatory requests that the Plaintiff provide all facts upon which he relies that the product was defective in design and manufacture. Plaintiff can not wait until the time of expert disclosures to inform the Defendant of any further information with respect to its allegations. Plaintiff initially referred Defendant to the OSHA investigation report and conclusions. Said report does not conclude that there was any defect in the design and/or manufacture of the crane. If Plaintiff wishes to rely only on the OSHA expert then Defendant requests the matter be dismissed against it as the OSHA report did not find any fault with the crane.

Id.

After consideration, the Court concludes that Manitowoc's

request that Plaintiff's allegations[14] be dismissed and that Plaintiff be precluded from offering evidence in support of these allegations should not be granted for the following reasons. First, Plaintiff occupies a representative capacity and does not personally possesses the information which is sought by Interrogatory Nos. 12, 13, and 14. The Court accepts Plaintiff's argument that he is only able to provide the particulars sought by these interrogatories to the extent that such particulars are provided to him by other parties and/or individuals through the discovery process. Second, at the time Manitowoc made its request to dismiss Plaintiff's claims and/or preclude him from offering evidence regarding those claims, seven months remained in the period for fact discovery. Thus, Plaintiff had yet to have the full opportunity to obtain the information sought by these interrogatories. Third, the highly specific and technical nature of information sought by Manitowoc causes the Court to reject Manitowoc's assertion that it cannot wait until the time for expert disclosures for this information. In the Court's view, the information sought by Manitowoc is largely, if not entirely, within the province of experts. Fourth, Plaintiff's responses, while clearly belated, appear to constitute a good faith attempt at compliance by Plaintiff to the best of his ability as of July 12, 2007. Fifth, the Court is unpersuaded that Manitowoc has been prejudiced or placed at a disadvantage in defending against Plaintiff's claims. This is not a situation where a defendant at the end of the period authorized for discovery has no idea of the basis for the plaintiff's claims and no ability to conduct further discovery relative to those claims by deposing plaintiff's expert. Accordingly, I recommend denial of Manitowoc's request that certain of Plaintiff's allegations be

[14] The allegations are identified supra at 10.

dismissed and that Plaintiff be precluded from presenting evidence to support those allegations.

**Conclusion**

For the reasons stated above, I recommend that the Renewed Motions be granted to the extent that they seek to have Manitowoc awarded its reasonable expenses, including attorney's fees, incurred in relation to the four motions[15] which Manitowoc filed to obtain answers and more responsive answers to its interrogatories. I recommend that the Renewed Motions be denied to the extent that they seek: a) to dismiss Plaintiff's allegations that the crane was defective, that Manitowoc was negligent, and that the crane lacked warnings; and b) to preclude Plaintiff from admitting evidence in support of these allegations.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[16] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
March 27, 2008

[15] See n.11.

[16] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).