*MPD:fm/motions/06-332*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-0364 T

MANITOWOC ENGINEERING CO.,
THE MANITOWOC COMPANY, INC.

---

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S MOTION FOR SUMMARY JUDGMENT**

Third-party defendant Metals Recycling, LLC hereby moves for summary judgment, pursuant to Fed.R.Civ.Pro. 56, with respect to the third-party complaint filed against it by Salah & Pecci. In support of the motion, the third-party defendant submits the attached memorandum and Statement of Undisputed Facts.

**REQUEST FOR ORAL ARGUMENT**

Third-party defendant Metals Recycling, LLC hereby requests oral argument with respect to the motion for summary judgment. It is estimated that approximately thirty (30) minutes will be necessary for argument.

/s/ Mark P. Dolan___________________
Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
Metals Recycling, LLC
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800 Phone
(401) 421-7218 Fax

CERTIFICATION

TO: Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, 6th Floor, Providence, RI 02903
Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110
John Kelleher, Esq., Higgins Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903
Jeffrey Follett, Esq., Foley Hoag, 155 Seaport Blvd., Boston, MA 02210-2600
John Mahoney, Esq., 155 South Main Street, Providence, RI 02903

DATED: April 10, 2008 /s/ Mark P. Dolan_________________

*MPD:fm/motions/06-332*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-0364 T

MANITOWOC ENGINEERING CO.,
THE MANITOWOC COMPANY, INC.

---

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Third-party defendant Metals Recycling, LLC (hereinafter "Metals Recycling") has now moved for summary judgment pursuant to Fed.R.Civ.Pro. 56 with respect to the third-party complaint filed against it by Salah & Pecci, Inc. (hereinafter "Salah & Pecci"). This memorandum is submitted in support of that motion.

**Factual Background**

On July 14, 2003 the plaintiff's decedent Todd Rushworth died as a result of injuries sustained while in the employ of Metals Recycling. Specifically, Mr. Rushworth was operating a Manitowoc 2500 crane at the Port of Providence loading scrap metal onto a ship berthed at the Port. According to the plaintiff herein, the decedent's father, at the time of his death the decedent was a competent, careful crane operator who was well-experienced in the operation of cranes similar to that involved in the incident, having operated such cranes for approximately

twenty (20) years. See Depo. of William A. Rushworth, Sr. at p.14. In fact, the decedent had operated the specific crane involved for approximately two years prior to the accident. See Rushworth Depo. at p.16.

On the date of the incident, plaintiff's decedent was operating a crane loading scrap metal onto a ship at the Port of Providence. With the boom of the crane extended over the ship, the crane tipped, causing the boom to strike the ship. At that time, the plaintiff's decedent was located in the elevated operator's cab of the crane. The force of impact of the boom on the ship caused cabling to became disengaged, striking the operator's cab, ultimately causing injuries resulting in Todd Rushworth's death.

On or about June 7, 2006, the plaintiff William Rushworth, Sr., individually and in his capacity as the Administrator of the Estate of the Decedent, filed this action against Salah & Pecci, claiming that Salah & Pecci is liable to the plaintiff for compensatory and punitive damages in connection with the death of the decedent. Salah & Pecci, in turn, has filed a third-party action against Metals Recycling, as well as Manitowoc Cranes, Inc. (the manufacturer of the crane) and the International Longshoremen's Association, Local #1329, and two of its members (both of whom were in the employ of Metals Recycling at the time of the incident assisting in the loading operation).

With its third-party complaint, Salah & Pecci contends that the decedent operated the crane in a negligent and unsafe manner. Specifically, it is alleged that the decedent, among other things, moved the crane beyond its safe load radius causing the accident. See third-party complaint ¶18. Salah & Pecci also alleges that the crane was overloaded, and that Mr. Rushworth and other unidentified persons were not properly trained in accident prevention, in violation of applicable Federal regulations causing the incident. See third-party complaint ¶19 and 20.

At the time of the incident, the crane was owned by Salah & Pecci and rented to Metals Recycling. Although never signed by it, Salah & Pecci alleges in the third-party complaint that the terms and conditions of the rental of the crane by Salah & Pecci to Metals Recycling were memorialized in a written agreement (the "Crane Lease"). For purposes of this motion only, Metals Recycling agrees that the Crane Lease controls the terms and conditions of the rental.

What is referred by Salah & Pecci as the "Crane Lease" in the third-party complaint is actually a two-page document entitled "Equipment Proposal," dated December 5, 2000. The

Crane Lease was a bare rental, meaning that the crane came without an operator. The Crane Lease contains indemnity language, the content of which was negotiated prior to agreement. Specifically, the Crane Lease agreement originally provided,

> "LESSEE TO INDEMNIFY LESSOR FOR ALL LOSSES, DAMAGES, EXPENSES, AND PENALTIES ARISING FROM ANY ACTION ON ACCOUNT OF PERSONAL INJURY OR DAMAGE TO PROPERTY OCCASSIONED BY THE OPERATION, HANDLING, OR ON-SITE TRANSPORATION AND FOR ANY OTHER CAUSES OF THIS EQUIPMENT DURING THE RENTAL PERIOD AND THAT THE LESSOR SHALL BE SAVED HARMLESS FOR ALL COURT ACTIONS AND ALL CLAIMS FOR INJURIES TO PERSONS OR PROPERTY OCCASSIONED TO USE OF THIS EQUIPMENT WHILE IN YOUR POSSESSION."

The Crane Lease and indemnification language ultimately agreed to, however, was of different language in one critical respect. Specifically, a key clause of the agreement was stricken and what was ultimately agreed to by the parties was as follows:

> ""LESSEE TO INDEMNIFY LESSOR FOR ALL LOSSES, DAMAGES, EXPENSES, AND PENALTIES ARISING FROM ANY ACTION ON ACCOUNT OF PERSONAL INJURY OR DAMAGE TO PROPERTY OCCASSIONED BY THE OPERATION, HANDLING, OR ON-SITE TRANSPORATION ~~AND FOR ANY OTHER CAUSES OF THIS EQUIPMENT~~ DURING THE RENTAL PERIOD AND THAT THE LESSOR SHALL BE SAVED HARMLESS FOR ALL COURT ACTIONS AND ALL CLAIMS FOR INJURIES TO PERSONS OR PROPERTY OCCASSIONED TO USE OF THIS EQUIPMENT WHILE IN YOUR POSSESSION."

As noted above, the plaintiff's decedent was in the employ of Metals Recycling at the time of the incident, and thus Metals Recycling cannot be the subject of any direct claim by the plaintiff, or claim for contribution by any other party, as a result of the immunity afforded by the Rhode Island Worker's Compensation Statute. <u>See</u> R.I. Gen. Laws §28-29-20. Thus, the only claim against Metals Recycling, LLC, as reflected in Count II of the Salah & Pecci third-party complaint is for contractual indemnification based on the Crane Lease language referenced

above. In its third-party complaint, Salah & Pecci quotes the indemnification language incorporating the stricken clause identified above.

## **Discussion**

I. Salah & Pecci is Not Eentitled to Contribution or Equitable Indemnification Given the Rhode Island Workers Compensation Exclusivity Provision

Under Rhode Island law, an employer who was paid workers compensation benefits cannot be sued as a joint tortfeasor for contribution by a third party. In this case, Salah & Pecci is not entitled to contribution from Metals Recycling given that Metals Recycling paid workers compensation benefits to the decedent's estate which point is not disputed. The Rhode Island Workers Compensation Act is a no fault system of compensation for personal injuries sustained by employees arising out of and in their course of employment. *A&B Construction, Inc. v. Atlas Roofing and Skylight Company,* 857 F.Supp.100 (D.R.I. 1994). The Workers Compensation Act provides a quick procedure for employees or their dependents to receive compensation benefits from an employer regardless of fault. Id. It is the exclusive remedy available to injured employees from their employers. Id. It is well-settled in Rhode Island that an employer who has paid workers compensation benefits cannot be sued as a joint tortfeasor for contribution by a third party even where concurring negligence has been contributed to an employee's injury. Id.; citing *Gormley v. I. Lazar & Sons, Inc*., 926 F.2nd 47 (1st Cir. 1991); *Iorio v. Chin*, 446 A.2d 1021 (R.I. 1982).

Based upon well-settled case law in this State, Salah & Pecci cannot maintain a contribution claim given the Workers Compensation Exclusivity Provision. Similarly, Salah & Pecci's equitable indemnification claim fails as a matter of law. Again, Metals Recycling cannot be sued nor can the plaintiff recover for Metals Recycling's negligence.

II. Salah & Pecci is Not Entitled to Contractual Indemnity for Salah & Pecci's Own Negligence

Under Rhode Island law, the Court's objective in construing contractual language is to determine the party's intent. *Johnson v. Western Nat. the Life Ins. Co.*, 641 A.2d 47, 48 (R.I. 1994). If the terms of the contract are ambiguous, a question of fact exists which may only be resolved by a fact finder. *Judd Realty v. Tedesco*, 400 A.2d 952, 955 (R.I. 1979). However, if

the terms of the contract are clear and unambiguous, the task of judicial construction is over and the Court will enforce those terms as they are written. Kelly v. Tillotson–Pearson, Inc., 840 F.Supp. 935, 944 (D.R.I. 1994); Textron, Inc. v. Aetna Cas. & Sur. Co., 638 A.2d 537, 539 (R.I. 1994). If the parties' intent can be clearly inferred from the terms of the contract as a whole, that intent must govern the Court's legal analysis. Hill v. M.S. Alper & Son, Inc., 106 R.I. 38, 256 A.2d 10, 15 (R.I. 1969). The legal effect of the contract's terms is then a question of law for the Court. Hodor v. United Services Auto. Ass'n, 637 A.2d 357, 359 (R.I. 1994). A contract will not be construed to indemnify the indemnitee against losses resulting from his or her own negligent acts unless the party's intention to hold harmless is clearly and unequivocally expressed in the contract. Rhode Island Hospital Trust National Bank v. Dudley Service Corp., 605 A.2d 1325, 1327 (R.I. 1992); Corrente v. Conforti & Eisele Co., 468 A.2d 920, 922 (R.I. 1983).

Here, the indemnity language is clear and unambiguous, and its interpretation is thus a question of law for the Court. It is clear that the language, particularly considering the clause stricken from the original version, provides for indemnification by Metals Recycling to Salah & Pecci only for claims made against or for other damages and losses incurred by Salah & Pecci as a result of Metals Recycling's "operation, handling, or on-site transportation." The clause does not provide indemnity, as originally proposed by Salah & Pecci, "for any other causes..." but rather is specifically limited to losses sustained as a result of Metals Recycling's use of the crane.

Salah & Pecci could have negotiated, as it attempted to do so with the original proposed language, an indemnification provision requiring Metals Recycling to indemnify Salah & Pecci for Salah & Pecci's own negligence but that is not what was agreed to between the parties. As such, the indemnity language can only be interpreted to require Metals Recycling to indemnify Salah & Pecci for any liability resulting from Metals Recycling's negligent operation.

In light of the above, and based on the facts and circumstances of the accident, the indemnification provision cannot apply here under any circumstance, and summary judgment should now enter for Metals Recycling.

First, the plaintiff obviously makes claim in his complaint for independent negligence of Salah & Pecci, not for any negligence of Metals Recycling. As outlined above, the indemnification provision cannot be interpreted to require Metals Recycling to indemnify Salah & Pecci for Salah & Pecci's own negligence. Thus, it cannot require indemnification for the

claims made against Salah & Pecci for its own independent negligence set forth in the primary complaint.

Similarly, Salah & Pecci cannot be liable for any negligence for Metals Recycling. There is no relationship between the parties conceivably exposing Salah & Pecci to vicarious liability for any negligence of Metals Recycling. With its third-party complaint, Salah & Pecci contends that the accident was the result solely of negligence of Metals Recycling, and its employees (i.e., the decedent's negligent operation of the crane, that Metals overloaded the crane, and that employees and agents of Metals were not properly trained). As a result of Metals Recycling's workers compensation immunity, Salah & Pecci cannot bring a claim for contribution as a joint tortfeasor against Metals Recycling. Assuming for purposes of this motion that each and every one of Salah & Pecci's allegations of negligence against Metals Recycling were true, such negligence is irrelevant since Salah & Pecci cannot be liable for Metals Recycling's conduct. Thus, the indemnification clause does not apply if Metals Recycling is negligent since Salah & Pecci cannot be responsible for such negligence.

In sum, there is no simply no scenario under the facts of this case where the indemnity clause as negotiated can apply.

**Conclusion**

For all these reasons, Metals Recycling respectfully requests that its motion for summary judgment now be granted.

/s/ Mark P. Dolan____________________
Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
Metals Recycling, LLC
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800 Phone
(401) 421-7218 Fax

CERTIFICATION

TO: Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, 6th Floor, Providence, RI 02903
Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110
John Kelleher, Esq., Higgins Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903
Jeffrey Follett, Esq., Foley Hoag, 155 Seaport Blvd., Boston, MA 02210-2600
John Mahoney, Esq., 155 South Main Street, Providence, RI 02903

DATED: April 10, 2008 /s/ Mark P. Dolan_________________