UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH,

Plaintiff,

v.

Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP.,

Defendant - Third-Party Plaintiff,

v.

METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL # 1329; JOHN LOPES, in his capacity as President of Local #1329; and JOHN DOES 1-5,

Third-Party Defendants.

C.A. No. 06-369 T

**THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S OPPOSITION TO METALS RECYLING, LLC'S MOTION FOR SUMMARY JUDGMENT**

Third-party plaintiff Salah and Pecci Leasing Company, Inc. ("SPL") hereby opposes Metals Recycling, L.L.C.'s motion for summary judgment with respect to the third-party complaint filed against it by SPL, pursuant to Fed.R.Civ.Pro. 56. In support of its opposition, the third-party plaintiff SPL relies upon the Memorandum of Law and Affidavit of Jeffrey S. Follett, Esq. attached hereto and the Statement of Undisputed Facts and Statement of Disputed Facts filed herewith.

**REQUEST FOR ORAL ARGUMENT**

Third-party plaintiff SPL hereby requests oral argument with respect to its opposition to Metals' motion for summary judgment. It is estimated that approximately thirty (30) minutes will be necessary for argument.

Dated: April 28, 2008

By /s/ Jeffrey S. Follett
/s/ Michael J. Daly

Jeffrey S. Follett, Esq.
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210-2600
617.832.1000

Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Attorneys for Salah & Pecci Leasing Company, Inc., Salah & Pecci a/k/a John Doe Corp.

## CERTIFICATE OF SERVICE

I hereby certify that this **THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S OPPOSITION TO METALS RECYLING, LLC'S MOTION FOR SUMMARY JUDGMENT** was electronically filed on December April 28, 2008, and is available for viewing and downloading on the Court's Electronic Case Filing system. Service on the below counsel of record has been effectuated by electronic means.

/s/ Michael J. Daly

John Kelleher, Esq.
Higgins Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

Carol A. Zangari, Esq.
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

Robert J. Quigley, Esq.
McKenney, Quigley, Izzo & Clarkin, LLP
95 Chestnut Street, 6th Floor
Providence, RI 02110

Brandon Bigelow, Esq.
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02110

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH,<br><br>Plaintiff,<br><br>v.<br><br>Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP.,<br><br>Defendant - Third-Party Plaintiff, | C.A. No. 06-369 T |
| v.<br><br>METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL # 1329; JOHN LOPES, in his capacity as President of Local #1329; and JOHN DOES 1-5,<br><br>Third-Party Defendants. | |

**THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO METALS RECYLING, LLC'S MOTION FOR SUMMARY JUDGMENT**

Eight years ago, defendant Salah & Pecci Leasing Co., Inc. ("SPL") agreed to lease a Manitowoc crawler crane (the "Crane") to defendant Metals Recycling, L.L.C. ("Metals"). In turn, Metals agreed to indemnify SPL for "all losses, damages, expenses and penalties arising from any action on account of personal injury or damage to property" arising out of the Crane's operation and agreed to hold SPL harmless "from all

court actions and claims for injuries to persons or property occasioned through the use of this equipment [the Crane]" while in Metals' possession. Now that SPL has been sued by the estate of a Metals employee who died in an accident while operating the crane, SPL has brought a third-party action against Metals, seeking to enforce those contractual indemnification terms.

The Court should allow SPL its day in court against Metals and deny Metals' motion for summary judgment. Although Metals argues that Rhode Island Workers' Compensation Act ("RIWCA") somehow bars SPL's contractual indemnification claim, that argument is flatly contradicted by this Court's decisional law and runs counter to the national majority rule concerning the interplay of workers' compensation statutes and contractual indemnification terms. To the extent Metals argues that it modified the language of the parties' indemnification agreement to render that agreement a legal nullity, Metals' argument is unsupported by record citations, is disputed by record evidence, and ignores basic principles of contract interpretation. At the end of the day, Metals agreed to indemnify SPL from exactly the sorts of claims that have been asserted against it here, and the Court should uphold that agreement.

## FACTUAL BACKGROUND

### A. The Crane Lease

On July 2, 1993, SPL purchased the Crane from Manitowoc-Forsythe Corporation, a wholly-owned subsidiary of Manitowoc. Third-Party Plaintiff Salah & Pecci's Statement of Undisputed Facts ("SOF") at ¶ 1. Then, on December 7, 2000 SPL and Metals entered into an agreement whereby SPL as "Lessor" rented to Metals as "Lessee" the Crane (the "Crane Lease"). SOF at ¶ 2.

The Crane Lease, entitled "Equipment Proposal," allowed Lessor to lease the Crane, with 160-foot boom and with High Cab, from Lessee for a minimum one month term of rental, rental to commence the middle of December, 2000. SOF at ¶ 3. Pursuant to the Crane Lease, Metals rented the Crane from SPL continuously from December 7, 2000 until July 14, 2003, when the Accident resulting in Decedent's death occurred. SOF at ¶ 4.

Among the other terms of the Crane Lease, the agreement included an indemnification clause (the "Indemnification Clause"). In the form SPL originally sent to Metals, the Indemnification Clause states:

> LESSEE TO INDEMNIFY LESSOR FOR ALL LOSSES, DAMAGES, EXPENSES AND PENALTIES ARISING FROM ANY ACTION ON ACCOUNT OF PERSONAL INJURY OR DAMAGE TO PROPERTY OCCASIONED BY THE OPERATION, HANDLING OR ON SITE TRANSPORTATION AND FOR ANY OTHER CAUSES OF THIS EQUIPMENT DURING THE RENTAL PERIOD AND THAT THE LESSOR SHALL BE SAVED HARMLESS FROM ALL COURT ACTIONS AND ALL CLAIMS FOR INJURIES TO PERSONS OR PROPERTY OCCASIONED THROUGH THE USE OF THIS EQUIPMENT WHILE IN YOUR POSSESSION.

SOF at ¶ 5.

After receiving SPL's standard form, Metals proposed removing certain language from the Indemnification Clause. Specifically, Metals sent SPL a marked-up copy of SPL's form striking the words "… FOR ANY OTHER CAUSES OF THIS EQUIPMENT…" SOF at ¶ 6. SPL did not understand or agree to that proposed change, and advised Metals of the same. Third-Party Plaintiff Salah & Pecci Leasing Company, Inc.'s Statement of Disputed Facts at ¶ 1. SPL never signed the marked-up form. SOF at ¶ 7. In any event, apart from the language Metals struck in its draft, there is no dispute

that all other language in the Indemnification Clause was agreeable to both parties, including the provision that Metals indemnify SPL with respect to "operation, handling or on site transportation" and hold SPL harmless "from all court actions and all claims for injuries to persons or property occasioned through the use of this equipment while in [Metals'] possession."

**B. <u>The Accident</u>**

On July 14, 2003, Todd Brian Rushworth (the "Decedent"), while acting as an employee or agent of Metals, died as a result of injuries sustained while operating the Crane. SOF at ¶ 8. Evidence adduced during discovery in this action indicates that the Accident was due primarily, perhaps exclusively, to the negligence of Decedent and Metals. For example, Metals' 30(b)(6) representative testified at his deposition that Decedent had a reputation of aggressive and careless operation of the Crane and other equipment owned or used by Metals. SOF at ¶9. An investigator from the Occupational Safety and Health Administration determined that Decedent moved the Crane beyond its safe load radius at the time of the Accident. SOF at ¶ 10. Plaintiff's complaint against SPL also alleges that the Crane was in a defective condition and/or a condition unfit for its intended use at the time of the Accident. SOF at ¶ 11. If the Crane was in fact in such a negligent condition, that condition was the result wholly or in part of the acts of Metals and its employees, as the Crane Lease was a "bare rental" agreement where day-to-day maintenance and repair was solely the responsibility of Metals. SOF at ¶ 12.

## <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c). The burden is on the moving party to show that no material facts are genuinely disputed and that, on the undisputed facts, the movant is entitled to judgment as a matter of law. Garside v. Osco Drug, Inc., 895 F.2d 46 (1st Cir. 1990). In considering such a motion, the summary judgment materials must be read in "the light most favorable to the nonmoving party." Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). Where there are genuine issues as to material facts when all reasonable inferences are drawn in favor of the nonmoving party, summary judgment is inappropriate and should be denied.

## ARGUMENT

### I. The Rhode Island Workers' Compensation Act's Exclusivity Provision Does Not Bar SPL's Contractual Indemnification Claim.

Metals begins its argument by setting up a straw man, insisting that SPL is not entitled to contribution from Metals as a joint tortfeasor and that "Salah and Pecci's equitable indemnification claim fails as a matter of law." Third-Party Defendant Metals Recycling, LLC's Memorandum in Support of its Motion for Summary Judgment ("Metals Mem.") at 6. In support of this proposition, Metals relies upon the RIWCA and A&B Construction, Inc. v. Atlas Roofing and Skylight Company, 857 F.Supp.100 (D.R.I. 1994).

Contrary to Metals' suggestion, SPL has never sought to recover contribution from Metals as a joint tortfeasor and it has not asserted an equitable indemnification claim against Metals. Instead, SPL asserts only a *contractual* indemnification claim against Metals. See Third-Party Complaint Count II (¶¶ 25-29). As A&B Construction, Inc. itself makes clear, nothing in the RIWCA precludes a right of indemnification that arises independently from an employer's immunity under the exclusive remedy provision

of the RIWCA. Id. To the contrary, the Court in A&B expressly recognized that in Rhode Island, as in the majority of States addressing the issue, parties can create a right to indemnification by contract. "Because it is an independent obligation and was bargained for by the parties, express contractual indemnity is enforceable notwithstanding any exclusive remedy provisions of the applicable workers' compensation scheme." 857 F.Supp. at 106; citing Cosentino v. A.F. Lusi Constr. Co., Inc., 485 A.2d 105, 107-108 (R.I. 1984). That is precisely what the parties agreed to here.

## II. Metals' Arguments Relating to the Indemnity Clause Are Contradicted by Record Evidence and Ignore Controlling Case Law from This Jurisdiction.

Metals next argues that, by marking up a draft of the Indemnification Clause during negotiation of the Crane Lease, it somehow rendered the Indemnification Clause meaningless. Specifically, Metals argues that its attempt to remove the words "and for any other causes of this equipment" from the Indemnification Clause resulted in a situation where Metals would not owe SPL a duty of indemnification if SPL were sued by a plaintiff for SPL's actual or alleged negligence. Metals Mem. at 6-8. These arguments are unsupported by the record and fail as a matter of law.

As an initial matter, Metals' arguments concerning the scope of the Indemnification Clause are not properly supported by record evidence. This Court's Local Rule CV 56(a)(2) states that each asserted "fact" in a Statement of Undisputed Facts "shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed." LR CV 56(a)(2). Here, Metals has not identified any evidence establishing the facts on

which it relies. See Third-Party Defendant Metals Recycling, LLC's Statement of Undisputed Facts at ¶¶ 1-9. That alone is reason enough to deny Metals' motion.

The reason Metals offers no record support for its argument concerning the scope of the Indemnification Clause is because discovery has established the existence of disputed facts relating to this issue. SPL's corporate representative, who negotiated the Crane Lease with Metals, has testified that he did not agree to any alteration of the Indemnification Clause and so advised Metals at the time. Deposition of Thomas Salah (attached as Exhibit A to the Affidavit of Jeffrey S. Follett) at 259.[1] The parties did not sign a fully integrated agreement, and it will be up to the finder of fact to determine whether the parties' agreement here consists of the original language that SPL provided to Metals, the marked-up language that Metals provided to SPL, or something else. Demirs v. Plexicraft, Inc., 781 F.Supp. 860 (R.I. 1991).

Even if this factual dispute were resolved in Metals' favor and the contested language were removed from the Indemnification Clause, moreover, the *undisputed* fact would remain that Metals still agreed to indemnify SPL for claims occasioned by the Crane's "operation, handling or on site transportation" and to hold SPL harmless "from all court actions and all claims for injuries to persons or property occasioned through the use of this equipment while in [Metals'] possession." This language is unambiguous and does not, for example, limit the indemnification to claims occasioned by any particular party's negligence (whether SPL's, Metals' or otherwise). Because plaintiff's claims against SPL arise from the operation and handling of the Crane and relate to injuries

[1] SPL intends to move to amend its Third-Party Complaint in the coming days to conform its pleadings to these and other facts developed during discovery.

incurred while the Crane was in Metals' possession, Complaint at ¶ 10, those claims fall squarely within the scope of the Indemnification Clause, whether modified or not.

Metals' contrary interpretation of the Indemnification Clause is based on a strained reading of the Indemnification Clause that Metals freely admits would render that clause useless. Metals Mem. at 7. The only change Metals asserts that it made to the Indemnification Clause was to delete the words "for any other causes of this equipment." It is not apparent what effect, if any, removing such language would have, other than leaving an ungrammatical sentence in place. Indeed, SPL did not understand at the time what Metals was attempting to change by removing this language and it still does not understand what effect the change would have had. Statement of Disputed Facts ¶1. At most, however, this change (if any change occurred) could be interpreted as removing from the scope of the Indemnification Clause any claims that were not occasioned by the operation, handling or on-site transportation of the Crane. Interpreting the alleged change otherwise so as to render the Indemnification Clause meaningless, which is what Metals urges the Court to do here, would fly in the face of every known rule of contract interpretation. See Providence Journal Co. v. Providence Newspaper Guild, 271 F.3d 16, 21 (D.RI 2001) ("it is a basic principle of contract law that constructions which render contract terms meaningless should be avoided").

Whatever a jury ultimately may determine about who was responsible for the tragic accident at issue here, there is no basis for Metals to seek judgment now. Metals correctly points out that a jury may conclude that Metals was the only negligent party here, in which case SPL would not be liable to the plaintiff and would not require

indemnification vis-à-vis the plaintiff. Metals Mem. at 8.[2] At this stage of the proceedings, however, that possibility is beside the point. Contrary to Metals' arguments, SPL's Third-Party Complaint does *not* allege that the Accident was solely the result of Metals negligence. Metals Mem. at 8. In fact, SPL's Third-Party Complaint alleges that "the Accident resulted wholly *or in part* from the negligent acts or omissions or breach of duty of Metals" and the other parties to this action. Third-Party Complaint at ¶ 24, emphasis added. In the event a jury determines that both SPL and Metals share responsibility for Decedent's death, SPL will be entitled to full indemnification from Metals. See A&B Construction, Inc., supra. See also Cosimini v. Atkinson-Kiewit Joint Venture v. Rusco Steel Company, 877 F Supp. 68 (R.I. 1995) (RIWCA no bar to recovery on contractual indemnification claim against employer).[3]

## CONCLUSION

For the foregoing reasons, this Court should deny Metals' motion for summary judgment.

Dated: April 28, 2008 Respectfully submitted,

[2] Metals still may be liable for SPL's defense costs, however. See, e.g., Amoco Oil Co. v. Buckley Heating, Inc., 22 Mass. App. Ct. 973, 974 (1986)(rejecting argument that indemnitee could not recover legal expenses where it successfully resisted claim).

[3] In Cosimini, both parties to an indemnification agreement were found to have been negligent but the court was unwilling to require the defendant subcontractor to fully indemnify the plaintiff contractor, because R.I. Gen. Law § 6-34-1 prohibits a contractor from shifting all liability to a subcontractor. Because no such statute applies here, SPL is entitled to full indemnification from Metals in the event the jury determines that both were negligent with respect to Decedent's injuries.

By /s/ Jeffrey S. Follett
/s/ Michael J. Daly

Jeffrey S. Follett, Esq.
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210-2600
617.832.1000

Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Attorneys for Salah & Pecci Leasing Company, Inc., Salah & Pecci a/k/a John Doe Corp.

## CERTIFICATE OF SERVICE

I hereby certify that this **THIRD-PARTY PLAINTIFF SALAH & PECCI LEASING COMPANY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO METALS RECYLING, LLC'S MOTION FOR SUMMARY JUDGMENT** was electronically filed on December April 28, 2008, and is available for viewing and downloading on the Court's Electronic Case Filing system. Service on the below counsel of record has been effectuated by electronic means.

/s/ Michael J. Daly

John Kelleher, Esq.
Higgins Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

Carol A. Zangari, Esq.
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

Robert J. Quigley, Esq.
McKenney, Quigley, Izzo & Clarkin, LLP
95 Chestnut Street, 6th Floor
Providence, RI 02110

Brandon Bigelow, Esq.
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02110