UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH,

Plaintiff,

v.

Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP.,

Defendant - Third-Party Plaintiff,

v.

METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL # 1329; JOHN LOPES, in his capacity as President of Local #1329; and JOHN DOES 1-5,

Third-Party Defendants.

C.A. No. 06-369 T

**THIRD-PARTY PLAINTIFF SALAH AND PECCI LEASING COMPANY, INC.'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to United States District Court for the District of Rhode Island LR Cv 56(a)(4), third-party plaintiff Salah & Pecci Leasing Co., Inc. ("SPL") hereby sets forth undisputed facts, in response to defendant Metals Recycling, L.L.C.'s ("Metals") motion for summary judgment, that preclude Metals from summary judgment.

1. On July 2, 1993, SPL purchased a Manitowoc M-250, S-II crawler crane, serial no. 2501021 (the "Crane") from Manitowoc-Forsythe Corporation, a wholly-owned subsidiary of Manitowoc. See Answer of Third-Party Defendant, Metals

Recycling, LLC to the Third-Party Complaint of Salah & Pecci Leasing Company, Inc. ("Metals Answer") at ¶ 10.

2. On December 7, 2000 SPL and Metals entered into an agreement whereby SPL as "Lessor" rented to Metals as "Lessee" the Crane (the "Crane Lease"). See Metals Answer at ¶ 13.

3. The Crane Lease, entitled "Equipment Proposal," allowed Lessor to lease the Crane, with 160-foot boom and with High Cab, from Lessee for a minimum one month term of rental, rental to commence the middle of December, 2000. See Deposition of Thomas Salah ("Salah Dep."), Exhibit A to the Affidavit of Jeffrey S. Follett, at 243 and Defendant's Exhibit A thereto.

4. Pursuant to the Crane Lease, Metals rented the Crane from SPL continuously from December 7, 2000 until July 14, 2003, when the Accident resulting in Decedent Todd Brian Rushworth's death occurred. See Metals Answer at ¶ 14.

5. The Crane Lease included an indemnification clause (the "Indemnification Clause"). In the form SPL originally sent to Metals, the Indemnification Clause states:

> LESSEE TO INDEMNIFY LESSOR FOR ALL LOSSES, DAMAGES, EXPENSES AND PENALTIES ARISING FROM ANY ACTION ON ACCOUNT OF PERSONAL INJURY OR DAMAGE TO PROPERTY OCCASIONED BY THE OPERATION, HANDLING OR ON SITE TRANSPORTATION … DURING THE RENTAL PERIOD AND THAT THE LESSOR SHALL BE SAVED HARMLESS FROM ALL COURT ACTIONS AND ALL CLAIMS FOR INJURIES TO PERSONS OR PROPERTY OCCASIONED THROUGH THE USE OF THIS EQUIPMENT WHILE IN YOUR POSSESSION.

See Third-Party Defendant Metals Recycling, LLC's Statement of Undisputed Facts ("Metals Statement") at ¶ 8; SOF at ¶ 5; Salah Dep. at 243-244 and Defendant's Exhibit A thereto.

6. After receiving SPL's standard form, Metals proposed removing certain language from the Indemnification Clause. Specifically, Metals sent SPL a marked-up copy of SPL's form striking the words "… FOR ANY OTHER CAUSES OF THIS EQUIPMENT…" See Metals Statement at ¶ 8; Salah Dep. at 244 and Defendant's Exhibit A thereto.

7. SPL never signed the marked-up form. Salah Dep. at 259; Metals Statement at ¶ 6.

8. On July 14, 2003, Todd Brian Rushworth (the "Decedent") died as a result of injuries sustained while operating the Crane. See Metals Answer at ¶ 18.

9. Metals' 30(b)(6) representative testified at his deposition in this action that Decedent had a reputation of aggressive and careless operation of the Crane and other equipment owned or used by Metals. Deposition of William Huling ("Huling Dep."), Exhibit B to Affidavit of Jeffrey S. Follett, at 142.

10. An investigator from the Occupational Safety and Health Administration determined that Decedent moved the Crane beyond its safe load radius, causing severe injuries to himself, destroying the Crane, and leading to his death within

hours of the accident. See Investigation Summary, Occupational Safety and Health Administration Report, Exhibit C to Affidavit of Jeffrey S. Follett.

11. Plaintiff's complaint against SPL alleges that the Crane was in a defective condition and/or a condition unfit for its intended use at the time of the accident. See Complaint at ¶ 12.

12. The Crane Lease was a "bare rental" agreement where day-to-day maintenance and repair was solely the responsibility of Metals. Huling Dep. at 72-73.

Dated: April 28, 2008

By /s/ Jeffrey S. Follett
/s/ Michael J. Daly

Jeffrey S. Follett, Esq.
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, Massachusetts 02210-2600
617.832.1000

Michael J. Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Attorneys for Salah & Pecci Leasing Company, Inc., Salah & Pecci a/k/a John Doe Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that this THIRD-PARTY PLAINTIFF SALAH AND PECCI LEASING COMPANY, INC.'S STATEMENT OF UNDISPUTED FACTS was electronically filed on December April 28, 2008, and is available for viewing and downloading on the Court's Electronic Case Filing system. Service on the below counsel of record has been effectuated by electronic means.

/s/ Michael J. Daly

John Kelleher, Esq.
Higgins Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

Carol A. Zangari, Esq.
The Wilcox Building
42 Weybosset Street, Suite 402
Providence, RI 02903

Robert J. Quigley, Esq.
McKenney, Quigley, Izzo & Clarkin, LLP
95 Chestnut Street, 6th Floor
Providence, RI 02110

Brandon Bigelow, Esq.
Bingham McCutchen, LLP
150 Federal Street
Boston, MA 02110