*MPD:fm/motions/06-332*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-0364 T

MANITOWOC ENGINEERING CO.,
THE MANITOWOC COMPANY, INC.

---

WILLIAM RUSHWORTH, SR., ET AL

VS C.A. NO. 06-369 T

SALAH & PECCI LEASING COMPANY

VS

METALS RECYCLING, LLC, ET AL

**THIRD-PARTY DEFENDANT METALS RECYCLING, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Third-party defendant Metals Recycling, LLC (hereinafter "Metals Recycling") submits this memorandum in reply to the memorandum filed by third-party plaintiff Salah & Pecci Leasing Company, Inc.'s (hereinafter "Salah & Pecci") objection to its motion for summary judgment.

First, with its memorandum Salah & Pecci notes that its claim for contractual indemnification is not barred by the Rhode Island Workers' Compensation Statute. Metals Recycling has never argued to the contrary. Rather, Metals Recycling demonstrated with its motion papers that, pursuant to Rhode Island statute and case law, any claim for contribution and/or equitable indemnification, is barred by the Rhode Island Workers' Compensation

Exclusivity Provision. <u>See</u> memorandum in support of Metals Recycling's motion for summary judgment at p. 6.

Metals Recycling further demonstrated with its prior filed memorandum that Salah & Pecci's claim for contractual indemnification does not and cannot apply to Salah & Pecci's own negligence. Nothing in Salah & Pecci's opposition memorandum contradicts that point.

With its memorandum, Salah & Pecci attempts to confuse the issue by arguing that there is a material fact in issue justifying denial of Metals Recycling's motion for summary judgment. Specifically, Salah & Pecci argues that its Vice-President Thomas Salah testified at deposition (taken subsequent to the filing of Metals Recycling's motion for summary judgment) that the indemnification clause language in the Crane Lease stricken by Metals Recycling was purportedly not agreed to by Salah & Pecci.

At the outset, it should be noted that Mr. Salah's deposition testimony on the point was, at best, equivocal. Specifically, Mr. Salah testified:

> p. 246
> [6] Q. So you faxed or mailed the contract; is that
> [7] correct?
> [8] A. That's correct.
> [9] Q. And you received a version back by mail or
> [10] fax?
> [11] A. That's correct.
> [12] Q. And there were changes to it?
> [13] A. That's correct.
> [14] Q. And did you make this phone call to
> [15] Mr. Huhling within days of the receipt of the
> [16] document back signed?
> [17] A. I would think so, yes.
> [18] Q. Is that your best recollection?
> [19] A. That's my best recollection.
> [20] Q. What did you say to Mr. Huling?
> [21] A. That I don't know what you're crossing off
> [22] there.
> [23] Q. What did he say to you?
> [24] A. I don't recall what he said.

[25] Q. Did you say anything else to him?

p.247
[1] A. I'm sure there was just small talk but I
[2] don't recall.
[3] Q. Have you told me everything you can recall
[4] having been said during this telephone
[5] discussion?
[6] A. Yes, sir.
[7] Q. Did you ever follow up that telephone
[8] discussion with any writings?
[9] A. No.

***

[13] Q. This document was appended as Exhibit
[14] A to a complaint that Salah & Pecci caused to
[15] be filed in Massachusetts Superior Court
[16] seeking recovery for property damage to this
[17] crane. You're aware of that fact?
[18] A. Uh-hmm.
[19] Q. Is that a yes?
[20] A. Yes.
[21] Q. And it was represented in that complaint in
[22] an allegation filed on behalf of Salah &
[23] Pecci in Court that this two-page document
[24] was representative of the agreement entered
[25] into with Metals Recycling for the rental of
p.248
[1] the crane. Was that allegation set forth in
[2] that complaint true?
[3] A. Yes.

Second, Salah & Pecci at the outset of this litigation conceded that the stricken language was <u>not</u> part of the Crane Lease. Specifically, in its third-party complaint, Salah & Pecci cites the indemnification clause of the Crane Lease, <u>with the stricken language omitted</u>. <u>See</u> Salah & Pecci's third-party complaint, ¶17 attached hereto as Exhibit A. The third-party complaint is the operative pleading on point, never amended, and Salah & Pecci is bound by it.

Third, whether or not the stricken language is part of the indemnification clause is, in actuality, irrelevant. Even with the stricken language reinserted, the clause as originally drafted is not sufficiently specific to require Metals Recycling to indemnify Salah & Pecci for Salah & Pecci's own negligence. It has long been held in Rhode Island that a contractual indemnification clause requiring indemnity for consequences of the indemnitee's own negligence must specifically and equivocally so stipulate. See Dower v. Dower's, Inc. 100 R.I. 510; 217 A.2d 437, 439 (R.I. 1966) (even in states where exculpatory provisions are enforceable.... indemnity... for consequence of [the indemnitee's] own negligence has been denied unless exonerating clause specifically and unequivocally so stipulates).

Fourth, and most importantly, if Salah & Pecci's argument were to be adopted (despite pleadings and record evidence to the contrary) then there would be no agreement at all between the parties as to indemnification in the first instance, and thus there would be no indemnification agreement on which Salah & Pecci could rely in support of its action against Metals Recycling. See Weaver v. American Power Conversion Corp., 863 A.2d 193, 198 (R.I. 2004) ("For parties to form valid contract each must have intent to be bound by terms of agreement"); Rhode Island Five v. Medical Associates of Bristol County, Inc., 6688 A.2d 1250, 1253 (R.I. 1996) ("Under traditional contract theory, an offer and acceptance are indispensable to contract formation, and without such assent, contract is not formed.")

CONCLUSION

For all these reasons, third-party defendant Metals Recycling respectfully requests that its motion for summary judgment now be granted.

/s/ Mark P. Dolan
Mark P. Dolan, Esq. #3280
Rice Dolan & Kershaw
Attorneys for Third-party Defendant
Metals Recycling, LLC
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800 Phone
(401) 421-7218 Fax

CERTIFICATION

TO: Michael J. Daly, Esq., Vetter & White, 20 Washington Place, Providence, RI 02903
Carol A. Zangari, Esq., The Wilcox Building, 42 Weybosset Street, Suite 402, Providence, RI 02903
Robert J. Quigley, Esq., McKenney, Quigley, Izzo & Clarkin, LLP, 95 Chestnut Street, 6th Floor, Providence, RI 02903
Brandon Bigelow, Esq., Bingham McCutcheon, LLP, 150 Federal Street, Boston, MA 02110
John Kelleher, Esq., Higgins Cavanagh & Cooney, 123 Dyer Street, Providence, RI 02903
Jeffrey Follett, Esq., Foley Hoag, 155 Seaport Blvd., Boston, MA 02210-2600
John Mahoney, Esq., 155 South Main Street, Providence, RI 02903

DATED: June 3, 2008 /s/ Mark P. Dolan