# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH,<br><br>Plaintiff,<br><br>v.<br><br>Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP.<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329; JOHN LOPES, in his capacity as President of Local #1329; HORACE CASTLE, in his capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5,<br><br>Third-Party Defendants. | C.A. No. 06-369T |

**THIRD-PARTY COMPLAINT OF DEFENDANT**
**SALAH & PECCI LEASING COMPANY, INC.**

Pursuant to Fed. R. Civ. P. 14(a), Defendant and Third-Party Plaintiff Salah & Pecci Leasing Co., Inc. ("SPL"), alleges the following as its Third-Party Complaint against Third-Party Defendants Metals Recycling, L.L.C. ("Metals"), Manitowoc Cranes, Inc. ("Manitowoc"), International Longshoremen's Association Local #1329 ("Union"), John Lopes, in his capacity

as President of Local #1329 ("Lopes"), Horace Castle, in his capacity as Secretary-Treasurer of Local #1329 ("Castle"), and John Does 1-5 ("Does").

## PARTIES

1. SPL is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having a usual place of business in Canton, Massachusetts. At all times relevant to this action, SPL was engaged in the business of leasing crawler cranes and related equipment.

2. Metals is a limited liability company organized and existing under the laws of the State of Rhode Island.

3. Manitowoc is a corporation organized and existing under the laws of the State of Wisconsin and having a principal place of business in Manitowoc, Wisconsin.

4. Union is a labor organization with a principal place of business at 881 Eddy Street, Providence, RI 02905.

5. Lopes is President of Union.

6. Castle is Secretary-Treasurer of Union.

7. Does are members, employees and/or agents of Union and/or Metals. The true names and capacities of the third-party defendants named herein as Does are unknown to SPL. SPL will seek to amend its third-party complaint to show their true names and capacities when it obtains sufficient relevant information.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1367.

9. Venue in the District of Rhode Island is proper pursuant to 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

10. On or about July 2, 1993, SPL purchased a Manitowoc M-250, S-II crawler crane, serial no. 2501021 (the "Crane") from Manitowoc-Forsythe Corporation.

11. Upon information and belief, Manitowoc-Forsythe Corporation was, at all relevant times, a wholly-owned subsidiary of Manitowoc.

12. The Crane was manufactured by Manitowoc, which manufactures and advertises cranes for distribution throughout the United States, including in Rhode Island.

13. On or about December 7, 2000, SPL and Metals entered into an agreement whereby SPL rented to Metals a Manitowoc M-250, S-II crawler crane with 160-foot boom and with "High Cab" (the "Crane Lease"). SPL as "Lessor" and Metals as "Lessee" executed a memorandum of their agreement, a true copy of which is attached hereto, made part hereof and marked "Exhibit A."

14. The Crane Lease continued in effect from December 7, 2000 until February 16, 2005. From December 7, 2000, to July 14, 2003, the Crane, with 160-foot boom and with "High Cab," was rented by SPL to Metals pursuant to the Crane Lease.

15. The Crane Lease was a bare rental. Accordingly, at all times relevant to this action, Metals, as Lessee, was responsible for operating and maintaining the Crane.

16. The Crane Lease provided: "LESSEE AGREES TO MAINTAIN EQUIPMENT IN A MANNER SATISFACTORY TO LESSOR."

17. The Crane Lease contained, among other terms, the following indemnification provision:

> LESSEE TO INDEMNIFY LESSOR FOR ALL LOSSES, DAMAGES, EXPENSES AND PENALTIES ARISING FROM ANY ACTION ON ACCOUNT OF PERSONAL INJURY OR DAMAGE TO PROPERTY OCCASIONED BY THE OPERATION, HANDLING OR ON SITE TRANSPORTATION . . . DURING THE RENTAL PERIOD AND THAT THE LESSOR SHALL BE SAVED HARMLESS FROM ALL COURT ACTIONS AND ALL CLAIMS FOR INJURIES TO PERSONS OR PROPERTY OCCASIONED THROUGH THE USE OF THIS EQUIPMENT WHILE IN YOUR POSSESSION.

18. Upon information and belief, on or about July 14, 2003, Todd Brian Rushworth (the "Decedent"), while acting as an employee or agent of Metals, operated the Crane in a negligent and unsafe manner. Among other things, the Decedent moved the crane beyond its safe load radius, causing severe injuries to himself, destroying the crane, and leading to his death within hours of the accident (the "Accident").

19. Upon information and belief, the Crane was overloaded at the time of the Accident, at the direction and with the knowledge of Metals, Union, Lopes, Castle, the Decedent and Does.

20. Upon information and belief, the Decedent and Does, who were employees or agents of Metals and/or Union, were not properly trained in accident prevention, in violation of applicable federal regulations.

21. On or about June 7, 2006, Plaintiff William Rushworth, Sr., individually and in his capacity as administrator of the estate of the Decedent, filed this action against SPL, claiming that SPL is liable to Plaintiff for compensatory and punitive damages in connection with the death of the Decedent (the "Action"). A true and accurate copy of the Complaint is attached hereto, made part hereof and marked "Exhibit B."

22. The Complaint in the Action alleges that the Crane was in a defective condition and/or a condition unfit for its intended use at the time of the Accident.

23. SPL denies that the Crane was in a defective condition or a condition unfit for its intended use at the time of the Accident, but if the Court finds that the Crane was in a defective condition or a condition unfit for its intended use, that condition resulted wholly or in part from the acts or omissions, including the failure to exercise due care, of Metals, Manitowoc, Union, Lopes, Castle, the Decedent and Does, each of whom had a duty to SPL to exercise due care in the design, manufacturing, maintenance, inspection, reconfiguration, loading, operation and/or use of the Crane.

24. SPL denies that it acted negligently or that it breached any duty to Plaintiff with respect to the Crane, but if the Court finds that SPL breached a duty to Plaintiff, that breach was not the proximate cause of the Accident; rather, the Accident resulted wholly or in part from the negligent acts or omissions or breach of duty of Metals, Manitowoc, Union, Lopes, Castle, the Decedent and Does.

**COUNT I**
**(Contribution and Indemnification at Common Law Against Manitowoc, Union, Lopes, Castle and Does)**

25. SPL hereby incorporates each of the allegations contained in Paragraphs 1 through 24 of this Third-Party Complaint as if fully set forth herein.

26. In the event that SPL is found liable to Plaintiff, SPL is entitled to contribution and/or indemnification from Manitowoc, Union, Lopes, Castle and Does for any and all costs, including reasonable attorney's fees, damages or other moneys owed or incurred by SPL as a result of the Action.

**COUNT II**
**(Contractual Indemnification Against Metals)**

27. SPL hereby incorporates each of the allegations contained in Paragraphs 1 through 24 of this Third-Party Complaint as if fully set forth herein.

Jeffrey S. Follet (*pro hac vice* motion pending)
Jessica V. Barnett (*pro hac vice* motion pending)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that the enclosed third party complaint was electronically filed on September 5, 2006, and is available for viewing and downloading on the Court's Electronic Case Filing system. I further certify that on September 5, 2006, I served the above third party complaint by U.S. Mail, first class, postage prepaid, to:

Carol A. Zangari, Esq.
Attorney for Plaintiff
The Wilcox Building
42 Weybosset, St., Suite 402
Providence, RI 02903

/s/ Brooks Magratten