**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-369/T |
| Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP. | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| v. | ) | |
| METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329; JOHN LOPES, in his capacity as President of Local #1329; HORACE CASTLE, in his capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5, | ) | |
| Third-Party Defendants. | ) | |

**SALAH & PECCI LEASING COMPANY, INC.'S MOTION TO STRIKE METALS RECYCLING, LLC'S THE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
**and**
**<u>PROVISIONAL MOTION TO FILE A SUR-REPLY</u>**

Defendant/third-party plaintiff Salah & Pecci Leasing Co., Inc. ("SPL") moves to strike THIRD-PARTY DEFENDANT METALS RECYCLING LLC's REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [DKT. 68] for failure to comply with the timing provisions of

LR Civ. 7(b)(2). Alternatively, SPL moves pursuant to LR Civ. 7(b)(3) for leave to file a sur-reply memorandum.

SPL files herewith a supporting memorandum of law.

SPL does not request hearing on this motion.

Respectfully submitted,

**SALAH & PECCI LEASING CO., INC.**

By its counsel,

/s/ Michael J. Daly
Brooks R. Magratten, # 3583
Michael J. Daly, # 6729
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com
(401) 421-3060
(401) 272-6803 (fax)

Jeffrey S. Follet (*pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (fax)

Dated: June 10, 2008

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM A. RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-369/T |
| Salah & Pecci Leasing Company, Inc., SALAH & PECCI a/k/a JOHN DOE CORP. | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| v. | ) | |
| METALS RECYCLING, L.L.C.; MANITOWOC CRANES, INC.; INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL #1329; JOHN LOPES, in his capacity as President of Local #1329; HORACE CASTLE, in his capacity as Secretary-Treasurer of Local #1329; and JOHN DOES 1-5, | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF SALAH & PECCI LEASING COMPANY, INC.'S MOTION TO STRIKE METALS RECYCLING, L.L.C.'S THE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**
**and**
**PROVISIONAL MOTION TO FILE A SUR-REPLY**

Defendant/third-party plaintiff Salah & Pecci Leasing Co., Inc. ("SPL") moves to strike THIRD-PARTY DEFENDANT METALS RECYCLING LLC's REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [DKT. 68] ("Reply") for failure to comply with the timing provisions of LR Civ. 7(b)(2).

SPL filed a third party complaint against Metals Recycling LLC seeking contractual indemnification for potential liability to plaintiff. Metals moved for summary judgment on the basis that the controlling indemnification provision in the agreement between SPL and Metals Recycling did not apply to the circumstances of this case. SPL objected to Metals Recycling's motion and submitted its supporting memorandum tracking the arguments raised in Metals Recycling's motion. Nearly one month after SPL filed its objection, Metals Recycling filed its reply memorandum, raising multiple new theories to support its defense.

This Court's local rules impose very clear timing requirements for the filing of reply memoranda. "The movant may file and serve a reply memorandum not later than five (5) business days after the service of the objection." LR Civ. 7(b)(2). In this case, SPL filed its objection to Metals Recycling's summary judgment motion on April 28, 2008. Thus, Metals Recycling was permitted to reply within five (5) business days, i.e., "not later than" May 5, 2008. Id. On June 3, 2008 – *29 days after the deadline* - Metals Recycling filed its reply. And in doing so, Metals Recycling never sought permission to file its reply out of time. Accordingly, Metals Recycling's reply memorandum should be stricken from the record for failure to comply with the clearly prescribed time limits set forth in this Court's Local Rules.

In the event the Court is willing to overlook the tardiness of Metals Recycling's reply, SPL respectfully requests leave to file a sur-reply to address the points raised in Metals Recycling's improper filing. Specifically, although Metals Recycling conceded in its original brief that the parties at the very least agreed to indemnification language that "require[d] Metals Recycling to indemnify [SPL] for any liability resulting from Metals Recycling's negligent operation," it now suggests that there may have been no indemnification agreement. C.f. Original Mem. [DKT. 57] at 7 with Reply at 4. Second, despite focusing much of its attention in

its original memorandum on the language purportedly stricken from the indemnification provision, Metals Recycling now concedes that the allegedly omitted language is "irrelevant." Reply at 4. Accordingly, to the extent the Court may be willing to entertain Metals Recycling's latest arguments,[1] SPL requests the opportunity to address them prior to the hearing on Metals Recyclings' motion for summary judgment.

For the reasons set forth herein, SPL respectfully requests that Metals Recycling's reply memorandum be stricken from the record or, alternatively that SPL be granted leave to file a sur-reply within

Respectfully submitted,

**SALAH & PECCI LEASING CO., INC.**

By its counsel,

/s/ Michael J. Daly
Brooks R. Magratten, # 3583
Michael J. Daly, # 6729
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com
(401) 421-3060
(401) 272-6803 (fax)

Jeffrey S. Follet (*pro hac vice*)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
(617) 832-7000 (fax)

Dated: June 10, 2008

[1] To the extent that Metals Recycling has taken different positions in its original and reply memoranda, it should be noted that LR Civ. 7(b)(2) provides that a "reply memorandum … shall not present additional grounds for granting the motion, or reargue or expand upon the arguments made in support of the motion." Id. Accordingly, the apparent analytical approaches taken by Metals Recycling provide another basis for striking its reply memorandum.

**CERTIFICATE OF SERVICE**

I hereby certify that this motion and memorandum were electronically filed on June 10, 2008, and that both documents are available for viewing and downloading on the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means:

Carol Zangari (for Plaintiff)
John Kelleher (for Manitowoc Cranes, Inc.)
Mark Dolan (for Metals Recycling, LLC)
Robert Quigley (for Metals Recycling, LLC)
John Mahoney (for John Lopes)

/s/ Michael J. Daly