UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WILLIAM RUSHWORTH, SR., Individually and in his capacity as Administrator of the Estate of TODD BRIAN RUSHWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>SALAH & PECCI LEASING CO. INC.,<br><br>    Defendant/<br>    Third-party<br>    Plaintiff,<br><br>v.<br><br>METALS RECYCLING, LLC,<br><br>    Third-party<br>    Defendant. | C.A. No. 06-369 S |

## MEMORANDUM AND ORDER

William E. Smith, United States District Judge.

Before the Court is Third-party Defendant, Metals Recycling, LLC's ("Metals") Motion for Summary Judgment with respect to the third-party complaint filed by Salah & Pecci Leasing Co., Inc. ("SPL"). For the following reasons, the motion is DENIED.

I.   Factual and Procedural Background[1]

In the underlying action, the Plaintiff is suing SPL for negligence in connection with a crane accident that caused the

---

[1] The Court writes principally for the parties, and will therefore only review the facts and travel necessary to decide Metals' motion.

death of Todd Rushworth. SPL leased the crane to Rushworth's employer, Metals. Metals paid workers' compensation benefits to the Rushworth estate. SPL has settled the wrongful death action with the Rushworth estate, and continues to pursue its third-party action for contractual indemnification against Metals based on the indemnification clause of the crane lease agreement.[2]

Metals previously moved for summary judgment, when this case was before Judge Torres. After extensive briefing and argument, Judge Torres granted Metals' motion. See Rushworth v. Manitowoc Eng'g Co., C.A. No. 06-364, 2008 WL 5048208, at *2 (D.R.I. Nov. 25, 2008). On January 27, 2009, Judge Torres issued a clarification order stating that the prior order only granted partial summary judgment and did not foreclose "any claim that SPL may have against Metals for contractual indemnification for any liability incurred by SPL that may be attributable to negligence on the part of

---

[2] The indemnification clause states:

LESSEE TO INDEMNIFY LESSOR FOR ALL LOSSES, DAMAGES, EXPENSES, AND PENALTIES ARISING FROM ANY ACTION ON ACCOUNT OF PERSONAL INJURY OR DAMAGE TO PROPERTY OCCASSIONED [SIC] BY THE OPERATION, HANDLING, OR ON-SITE TRANSPORTATION AND FOR ANY OTHER CAUSES OF THIS EQUIPMENT DURING THE RENTAL PERIOD AND THAT THE LESSOR SHALL BE SAVED HARMLESS FOR ALL COURT ACTIONS AND ALL CLAIMS FOR INJURIES TO PERSONS OR PROPERTY OCCASSIONED [SIC] TO USE OF THIS EQUIPMENT WHILE IN YOUR POSSESSION.

Rushworth v. Manitowoc Eng'g Co., C.A. No. 06-369, 2008 WL 5048208, at *1 (D.R.I. Nov. 25, 2008).

Metals." <u>Rushworth v. Salah & Pecci Leasing Co.</u> ("Rushworth II"), C.A. No. 06-369, 2009 WL 211854, at *1 (D.R.I. Jan. 27, 2009) (emphasis in original).

Metals now argues that there is no basis (factual or legal) on which SPL can be liable for Metals' negligence. SPL objects and points to the indemnification agreement.

II. Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" when the "contested fact has the potential to change the outcome of the suit under the governing law" and a "genuine" issue is one where "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." <u>Navarro v. Pfizer Corp.</u>, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting <u>McCarthy v. Nw. Airlines, Inc.</u>, 56 F.3d 313, 315 (1st Cir. 1995)).

III. Discussion

Metals seeks to capitalize on Judge Torres' use of the phrase "liability that might be attributable to Metals' negligence" in the Clarification Order and argues that SPL cannot state a claim in which it is liable for Metals' negligence. <u>Rushworth II</u>, 2009 WL

211854, at *1. Such an argument, however, reads too much into Judge Torres' words.

The Clarification Order unequivocally states that the earlier summary judgment order did not end the case because, under Rhode Island law, contractual indemnification must be distinguished from ordinary claims of joint tortfeasor contribution and indemnification. Id. "The rationale for the distinction is that 'a third-party action for contract indemnification from the employer is not an action based upon the employee's injury but rather is an action for reimbursement upon an expressed contractual obligation between the employer and a third-party plaintiff.'" Id. (quoting Cosentino v. A.F. Lusi Constr. Co., 485 A.2d 105, 107-08 (R.I. 1984)).

Metals attempts to graft onto Judge Torres' Clarification Order a construction of the indemnification clause that becomes a codicil of sorts. This proposed interpretation provides that the indemnification clause only requires Metals to indemnify SPL in situations where SPL is liable because of Metals' negligence. This would require, Metals contends, some legal vehicle or theory connecting the two parties. Nowhere in either of Judge Torres' orders does this construction of the indemnification clause appear. Judge Torres' orders state that the common law right of contribution does not exist in Rhode Island in this context, due to the workers' compensation exclusivity statute, but that parties can

create such a right to indemnification by contract and that the indemnification clause does not cover acts of SPL's own negligence. The indemnification clause at issue, however, applies to much more than losses caused by SPL's own negligence; rather it applies to "all losses, damages, expenses and penalties" incurred by SPL.

Because a right to contractual indemnification is an independently bargained for obligation, "express contractual indemnity is enforceable notwithstanding any exclusive remedy provisions of the applicable workers' compensation scheme." Cosimini v. Atkinson-Kiewit Joint Venture, 877 F. Supp. 68, 70 (D.R.I. 1995) (quoting A & B Constr. v. Atlas Roofing & Skylight Co., 867 F. Supp. 100, 106 (D.R.I. 1994)). In short, Metals can be liable per the contractual indemnification clause for Metals' share (if any) of the total liability, which amount has been established pursuant to the settlement between the Rushworth estate and SPL.

IV. Conclusion

For all of the foregoing reasons, Metals' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

/s/ WSmith
William E. Smith
United States District Judge
Date: 8/28/09